1  VINCENT A. HARRINGTON, JR., Bar No. 071119
   DAVID A. ROSENFELD, Bar No. 058163
2  ERIC M. BORGERSON, Bar No. 177943
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

**E-filing**

ORIGINAL FILED
MAY 2 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

6  Attorneys for Plaintiff
   Service Employees International Union, Local 790

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 SERVICE EMPLOYEES INTERNATIONAL  ) No. C07-02766  JL
   UNION, LOCAL 790                 )
12                                  )
             Plaintiff,             )
13                                  )
         v.                         )
14                                  )
   JOSEPH P. NORELLI, Individually, and in his  )  **MOTION FOR PRELIMINARY
15 capacity as Regional Director, NATIONAL     )         INJUNCTION**
   LABOR RELATIONS BOARD, REGION 20;           )
16 ROBERT J. BATTISTA, Individually and in     )
   his Capacity as Chairman and Member of the  )
17 NATIONAL LABOR RELATIONS BOARD;             ) Date:
   PETER N. KIRSANOW, Individually, and in     )
18 his Capacity as a Member, NATIONAL          ) Time:
   LABOR RELATIONS BOARD; DENNIS P.            )
19 WALSH, Individually, and in his Capacity as a ) Judge:
   Member, NATIONAL LABOR RELATIONS          )
20 BOARD; WILMA B. LIEBMAN, Individually,    )
   and in her Capacity as a Member of the      )
21 NATIONAL LABOR RELATIONS BOARD;             )
   PETER CARY SHAUMBER, Individually, and     )
22 in his Capacity as a Member, NATIONAL      )
   LABOR RELATIONS BOARD,                     )
23                                            )
                                              )
24           Defendants.                      )
                                              )
25 _____

26      To DEFENDANTS JOSEPH P. NORELLI, Regional Director, NATIONAL LABOR

27 RELATIONS BOARD (hereinafter "NLRB"), REGION 20; ROBERT J. BATTISTA, Chairman

28 and Member of the NLRB; PETER N. KIRSANOW, Member of the NLRB; DENNIS P. WALSH,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

MOTION FOR PRELIMINARY INJUNCTION

Member of the NLRB; WILMA B. LIEBMAN, Member of the NLRB; PETER CARY SHAUMBER, Member of the NLRB, and their attorney(s), NOTICE IS HEREBY GIVEN that, on the date and time, and at the location, noticed by the above-entitled Court in its Order to Show Cause Why Preliminary Injunction Should Not Issue, PLAINTIFF SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790 (hereinafter "Local 790" or "Union") will move the Court for a Preliminary Injunction under Fed. R. Civ. P. 65 restraining and enjoining you, your officers, agents, servants, employees and attorneys, and all those in active concert or participation with you from: conducting a de-authorization election pursuant to the Decision and Order of the NLRB, dated March 20, 2007, in NLRB Case No. 20-UD-445, reported as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67 (hereinafter "NLRB Decision and Order").

The grounds for Plaintiff's motion are that the Defendants, by issuing and taking steps to implement the NLRB Decision and Order, violated a clear statutory prohibition, set forth at National Labor Relations Act § 9(e)(1), 29 U.S.C. § 159(e)(1), which precludes an election based on a petition to de-authorize a Union security clause, except where such petition is supported by signatures of 30 percent or more of the members of a collective bargaining unit who are, at the time the signatures are gathered and at the time the petition is filed, covered by a collective bargaining agreement containing a Union security clause.

Here, it is undisputed that the petition at issue was filed on January 11, 2006, before any collective bargaining agreement between the Union and Covenant Aviation, LLC ("Covenant"), went into effect upon its execution by Covenant on January 13, 2006. The petition was, therefore, filed prematurely. It is also undisputed that nearly 70% of the signatures submitted in support of the de-authorization petition were dated in October 2005 and were thus collected over a month before contract negotiations had begun and two or more months prior to disclosure of the terms of the proposed contract to affected employees for a ratification vote. It is further undisputed that approximately 92% of the signatures submitted in support of the de-authorization petition predated the ratification vote, and every signature offered in support of the petition predated the execution of the contract on January 13, 2006.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

The plain text of NLRA § 9(e), cases construing its text, and the legislative history of the provision make clear that § 9(e) prohibits prospective or preemptory use of the de-authorization petition process as was improperly approved by the Defendants in this case.

An original suit in equity under the general jurisdiction of the above-entitled Court under 28 U.S.C. § 1337(a), is proper where, as here, the Decision and Order of the NLRB violated a clear statutory prohibition and was, therefore, in excess of the Board's jurisdiction, to the harm of the Plaintiff, and there is no adequate means by which to obtain judicial review of the Board's action. (See *National Association of Agriculture Employees v. Federal Labor Relations Authority*, 473 F.3d 983, 988, fn 5 (9th Cir. 2007); *Bays v. Miller*, 524 F.2d 631 (9th Cir. 1975); *Leedom v. Kyne*, 358 U.S. 184 (1958).)

Plaintiff will suffer irreparable harm if the Court does not enjoin further action by Defendants because Plaintiff has no other remedy at law and, if an election based on the de-authorization petition is allowed to take place, contrary to law, will face violation of its rights under the NLRA, substantial costs and extreme administrative and organizational burdens associated with campaigning against the unlawful de-authorization proposal, disruption of its members' workplace resulting from the competing campaigns and controversy surrounding the conducting of an unlawful election, and will unjustifiably and unlawfully face potential jeopardy to its ability to fulfill its functions as hundreds of employees' chosen collective bargaining representative.

Plaintiff's motion is based on this Notice, the Verified Complaint for Declaratory and Injunctive Relief and exhibits attached thereto filed concurrently herewith, the supporting Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Jamie Thompson filed concurrently herewith, and the Declaration of David A. Rosenfeld filed concurrently herewith and such other oral or written materials as the Court deems just and proper.

///
///
///
///

MOTION FOR PRELIMINARY INJUNCTION

Dated: May 25, 2007

                                 WEINBERG, ROGER & ROSENFELD
A Professional Corporation
    Vincent A. Harrington, Jr.
    David A. Rosenfeld
    Eric M. Borgerson

By: _____
VINCENT A. HARRINGTON, JR.
Attorneys for Plaintiff
Service Employees International Union, Local 790

116046/457471

---

- 4 -

MOTION FOR PRELIMINARY INJUNCTION