VINCENT A. HARRINGTON, JR., Bar No. 071119
DAVID A. ROSENFELD, Bar No. 058163
ERIC M. BORGERSON, Bar No. 177943
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff

ORIGINAL FILED
MAY 2 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JL

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790,

　　　　Plaintiff,

　　v.

JOSEPH P. NORELLI, Individually, and in his capacity as Regional Director, NATIONAL LABOR RELATIONS BOARD, REGION 20; ROBERT J. BATTISTA, Individually and in his Capacity as Chairman and Member of the NATIONAL LABOR RELATIONS BOARD; PETER N. KIRSANOW, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; DENNIS P. WALSH, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; WILMA B. LIEBMAN, Individually, and in her Capacity as a Member of the NATIONAL LABOR RELATIONS BOARD; PETER CARY SHAUMBER, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD,

　　　　Defendants,

No. C07-02766

DECLARATION OF JAMIE THOMPSON IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

---

DECLARATION OF JAMIE THOMPSON                                                    116046/457898

I, Jamie Thompson, declare and affirm the following based on personal knowledge:

1. I am a lead organizer in the Airport Division of Service Employees Local 1877. We are responsible for servicing the employees at Covenant Aviation who would be subject to the potential election in this matter.

2. If an election is conducted in this matter, the union will be forced to expend considerable resources and will be subjected to a severe administrative burden in order to find organizers and conduct a campaign against de-authorization of the union security clause. We anticipate that upwards of ten staffers will have to work full-time for one to two weeks if such campaign is required. This will divert them from other critical tasks, such as representing members and organizing airport workers for other companies.

3. Negotiations are underway between Local 1877 and other employers at the airport regarding two Collective Bargaining Agreements, one of which is expired. An election would burden staff of Local 1877 who are already fully engaged in bargaining responsibilities affecting hundreds of other employees.

4. The election campaign will probably take upwards of two weeks. This means that the staff assigned to this campaign will not be able to perform their regular duties during that two-week period.

5. There will be no way to recover the tremendous expense, nor to secure compensation for the severe administration burdens resulting from having to assign a large number of Local 1877 staff to this election campaign. Furthermore, there will be no way to recover the resulting loss in representation to members.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

6. Specifically, among those assigned to the campaign will be staff members who are otherwise assigned to represent employees in other industries such as the janitorial industry. This will adversely affect our representation of those members.

7. Another serious disruption caused by this election would be the unavoidable occurrence of campaigning at employee work places at the airport. There is a small but resolute group pursuing this dispute, and they will undoubtedly campaign in various areas of the airport. Local 1877 staff representatives will also have to be in the airport in order to campaign against de-authorization. This kind of campaigning will be disruptive to this workforce who will carry on the arguments about the election not only in non-work areas, but also at their workstations.

8. The pendency of this potential election has caused workers to be uncertain about their union security obligations. Unless this issue is promptly resolved by this Court, these questions will continue to arise. This creates questions in employee's minds about whether they have to comply with the union's security obligations. If the employees do not comply, they are subject to being discharged under the terms of the Collective Bargaining Agreement and the National Labor Relations Act.

9. An election and the campaign it will necessitate will be particularly a problem for this work force because they are not allowed to talk about anything at their work posts other than their job duties while using security equipment at security checkpoints. If this kind of a contentious issue were to arise, it would naturally cause employees to talk about it at their workstations, which is not permitted, and could result in widespread disciplinary action against such employees.

///
///
///

- 3 -

DECLARATION OF JAMIE THOMPSON                                                                  116046/457898

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

1  I declare under penalty of perjury that the foregoing is true and correct and was executed by
2  me on May 18, 2007 at Alameda, California.

_____
JAMIE THOMPSON

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

DECLARATION OF JAMIE THOMPSON

116046/457898