VINCENT A. HARRINGTON, JR., Bar No. 071119
DAVID A. ROSENFELD, Bar No. 058163
ERIC M. BORGERSON, Bar No. 177943
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff
Service Employees International Union, Local 790

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as Regional Director, NATIONAL LABOR RELATIONS BOARD, REGION 20; ROBERT J. BATTISTA, Individually and in his Capacity as Chairman and Member of the NATIONAL LABOR RELATIONS BOARD; PETER N. KIRSANOW, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; DENNIS P. WALSH, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; WILMA B. LIEBMAN, Individually, and in her Capacity as a Member of the NATIONAL LABOR RELATIONS BOARD; PETER CARY SHAUMBER, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD,<br><br>Defendants. | No. C07-02766 JL<br><br>**REQUEST FOR ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:<br><br>Time:<br><br>Judge: |

Plaintiff Service Employees International Union Local 790 ("Local 790") respectfully requests that this Court issue an Order to Show Cause, a proposed version of which is filed concurrently herewith, why a Preliminary Injunction under Fed. R. Civ. P. 65 should not issue

restraining and enjoining the above-named Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them from: conducting a de-authorization election pursuant to the Decision and Order of the NLRB, dated March 20, 2007, in NLRB Case No. 20-UD-445, reported as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67 (hereinafter "NLRB Decision and Order").

The grounds for Plaintiff's motion are that the Defendants, by issuing and taking steps to implement the NLRB Decision and Order, violated a clear statutory prohibition, set forth at National Labor Relations Act § 9(e)(1), 29 U.S.C. § 159(e)(1), which precludes an election based on a petition to de-authorize a Union security clause, except where such petition is supported by signatures of 30 percent or more of the members of a collective bargaining unit who are, at the time the signatures are gathered and at the time the petition is filed, covered by a collective bargaining agreement containing a Union security clause.

Here, it is undisputed that the petition at issue was filed on January 11, 2006, before any collective bargaining agreement between the Union and Covenant Aviation, LLC ("Covenant"), went into effect upon its execution by Covenant on January 13, 2006. The petition was, therefore, filed prematurely. It is also undisputed that nearly 70% of the signatures submitted in support of the de-authorization petition were dated in October 2005 and were thus collected over a month before contract negotiations had begun and two or more months prior to disclosure of the terms of the proposed contract to affected employees for a ratification vote. It is further undisputed that approximately 92% of the signatures submitted in support of the de-authorization petition predated the ratification vote, and every signature offered in support of the petition predated the execution of the contract on January 13, 2006.

The plain text of NLRA § 9(e), cases construing its text, and the legislative history of the provision make clear that § 9(e) prohibits prospective or preemptory use of the de-authorization petition process as was improperly approved by the Defendants in this case.

An original suit in equity under the general jurisdiction of the above-entitled Court under 28 U.S.C. § 1337(a), is proper where, as here, the Decision and Order of the NLRB violated a clear statutory prohibition and was, therefore, in excess of the Board's jurisdiction, to the harm of the

1 Plaintiff, and there is no adequate means by which to obtain judicial review of the Board's action.
2 (See *National Association of Agriculture Employees v. Federal Labor Relations Authority*, 473
3 F.3d 983, 988, fn 5 (9th Cir. 2007); *Bays v. Miller*, 524 F.2d 631 (9th Cir. 1975); *Leedom v. Kyne*,
4 358 U.S. 184 (1958).)

Plaintiff will suffer irreparable harm if the Court does not enjoin further action by Defendants because Plaintiff has no other remedy at law and, if an election based on the de-authorization petition is allowed to take place, contrary to law, will face violation of its rights under the NLRA, substantial costs and extreme administrative and organizational burdens associated with campaigning against the unlawful de-authorization proposal, disruption of its members' workplace resulting from the competing campaigns and controversy surrounding the conducting of an unlawful election, and will unjustifiably and unlawfully face potential jeopardy to its ability to fulfill its functions as hundreds of employees' chosen collective bargaining representative.

In or about May 2007, NLRB Region 20 Regional Director Joseph P. Norelli issued a written notice, announcing that a secret-ballot de-authorization election would commence on June 4, 2007, with the mailing of ballots to members of the bargaining unit represented by Local 790. (See Declaration of David Rosenfeld In Support of Request for Order to Show Cause Why Preliminary Injunction Should Not Issue, filed concurrently herewith ("Rosenfeld Dec.") at ¶ 4.)

The election was subsequently suspended briefly due to the fact that Covenant representatives were unable to produce an "Excelsior" list of bargaining unit members to the NLRB because TSA opposed production of that list by Covenant on national security grounds. (Id. at ¶ 5.)

On or about May 24, 2007, counsel for Plaintiff spoke with Dawn Goldstein, an attorney with the special litigation unit of the office of the NLRB General Counsel. Ms. Goldstein informed Plaintiff's counsel that the NLRB does not, at present, know exactly when the de-authorization election can be expected to proceed due to the Excelsior list issue but that they expect the Excelsior list issue to be resolved quickly and the election to proceed forthwith. (Id. at ¶ 6.)

Ms. Goldstein further informed Plaintiff's counsel that the NLRB would agree to a hearing

1  on an Order To Show Cause Why Preliminary Injunction Should Not Issue either the week of May
2  29, 2007, or as soon thereafter as the Court can hear the matter, providing adequate time for service
3  of Plaintiff's moving papers and for service and filing of Defendants response and Plaintiff's reply.
4      Plaintiff's Motion for Preliminary Injunction is based on its Notice and Motion filed
5  concurrently herewith, the Verified Complaint for Declaratory and Injunctive Relief and exhibits
6  attached thereto filed concurrently herewith, the supporting Memorandum of Points and
7  Authorities filed concurrently herewith, the Declaration of Jamie Thompson filed concurrently
8  herewith, and the Declaration of David Rosenfeld filed concurrently herewith and such other oral
9  or written materials as the Court deems just and proper.

Dated: May 25, 2007

                    WEINBERG, ROGER & ROSENFELD
                    A Professional Corporation
                        Vincent A. Harrington, Jr.
                        David A. Rosenfeld
                        Eric M. Borgerson

By: _____
      VINCENT A. HARRINGTON, JR.
      Attorneys for Plaintiff
      Service Employees International Union, Local 790

116046/458516

- 4 -
REQUEST FOR ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE