W. JAMES YOUNG, Esq.
GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
c/o National Right to Work Legal
     Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510
FACSIMILE — (703) 321-9319

SCOTT A. WILSON, Esq.
California Bar No. 073187
711 8th Avenue, Suite C
San Diego, California 92101
(619) 234-9011
FACSIMILE — (619) 234-5853

ATTORNEYS FOR DEFENDANT-INTERVENOR

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as REGIONAL DIRECTOR, NATIONAL LABOR RELATIONS BOARD, REGION 20; *et al.*,<br><br>    Defendants. | CASE NO. 3:07-cv-2766 PJH<br><br>**NOTICE OF MOTION; MOTION FOR LEAVE TO INTERVENE BY STEPHEN J. BURKE, JR.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>HEARING DATE: Wednesday, 11 July 2007<br>TIME:  9:00 a.m.<br>COURTROOM OF JUDGE HAMILTON, COURTROOM 3, 17TH FLOOR |

PLEASE TAKE NOTICE that on Wednesday, 11 July 2007, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 3, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA., 94102, Stephen J. Burke, Jr. ("Burke") will and hereby does move this Court, pursuant to Rule 24, FED.R.CIV.P., and Rule 7-1, N.D.CAL., for an Order (filed simultaneously) granting him leave to intervene as a Defendant in the above-referenced action, and to file his Answer to the Complaint (attached hereto).

Burke asks this Court to permit him to intervene as of right under Rule 24(a), FED.R.CIV.P., on

the grounds that the motion is timely; that he has a direct and substantial interest in the subject of this action because he is the Petitioner in the underlying National Labor Relations Board deauthorization election[1] (Case No. 20-UD-447; **see also** *Covenant Aviation Security, LLC*, 349 NLRB No. 67 (2007), copy attached to the Complaint as Exhibit 2) which Plaintiff Service Employees International Union, Local 790 ("Local 790"), is seeking to preliminarily enjoin; that the granting of such an injunction would cause harm to him and his many co-workers who support his deauthorization petition; that disposition of this case in his absence would, as a practical matter, impair or impede his ability to protect these interests; and that his interest may not be fully represented by the current parties to the case. Alternatively, Burke asks the Court to permit him to intervene under Rule 24(b), FED.R.CIV.P., because he seeks to address the common legal question of whether his deauthorization petition is invalid under 29 U.S.C. § 159(e) simply because he collected the "showing of interest" prior to the execution of the contractual provision he seeks to deauthorize. Such intervention by Mr. Burke will not in any way delay or prejudice the adjudication of the rights of the original parties.

This Motion is based on this notice of motion and motion, the following memorandum of points and authorities, all pleadings on file in the case, and such argument as may be heard by this Court.[2]

---

[1] The National Labor Relations Act, 29 U.S.C. § 159(e), provides employees with a statutory right to "deauthorize" or rescind the compulsory dues (a.k.a. "union security") clause that the union and employer have negotiated in their contract. Through a deauthorization election, employees can rein in unions which they do not support by rescinding the compulsory dues clause. NLRB cases upholding employees' right to deauthorize compulsory dues clauses include *Gilchrist Timber Co.*, 76 NLRB 1233 (1948) (Board rejects the argument that a deauthorization election cannot be held within one year of a certification election); *Monsanto Chemical Corp.*, 147 NLRB 49 (1964) (same); *Great Atlantic & Pacific Tea Co.*, 100 NLRB 1494 (1952) (Board rejects the argument that a "contract bar" rule should be applied to deauthorization elections); *Albertsons/Max Food Warehouse*, 329 NLRB 410 (1999) (Colorado state law does not override employees' right to deauthorize).

[2] For purposes of this motion to intervene, the allegations of the prospective intervenor's proposed pleading must be taken as correct. **See** *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 819 (9TH CIR. 2001) ("[A] court is required to accept as true the non-conclusory allegations made in support of an intervention motion").

## I. INTRODUCTION AND INTEREST OF PROPOSED INTERVENOR

In this action, Local 790 seeks to overturn and enjoin an NLRB decision in favor of Burke, who with his fellow employees seeks to "deauthorize" an unpopular forced-unionism clause in their collective bargaining agreement. *Covenant Aviation Security, LLC*, 349 NLRB No. 67 (30 March 2007); **see also** 29 U.S.C. § 159(e). In *Covenant Aviation Security*, the NLRB agreed that Burke's deauthorization petition was valid, and ordered Region 20 in San Francisco to process the petition and hold the requested election. Local 790 is dissatisfied with and/or fears the Board's decision, and seeks a preliminary injunction against the election which the Board duly ordered on Burke's deauthorization petition. In order to prevail on its claim, Local 790 must prove that the NLRB acted *ultra vires*, in clear violation of its statutory authority, by ordering Burke's deauthorization election to proceed. The union cannot possibly meet this burden under the controlling case of *Leedom v. Kyne*, 358 U.S. 184 (1958); **see also** *Metal & Steel Chauffeurs, Teamsters Local 714 v. Madden*, 343 F.2d 497 (7TH CIR. 1965) (federal court has no jurisdiction to enjoin a deauthorization election).

As the NLRB explained in its carefully reasoned decision in Burke's case (**see** Complaint Exhibit 2, NLRB decision in *Covenant Aviation Security*, 349 NLRB No. 67 (30 March 2007), at page 1), its construction of § 159(e) of the NLRA, 29 U.S.C. § 159(e), is eminently fair and reasonable. In no way can that construction of the statute's "30% showing of interest" requirement be considered to be "flouting of a clear statutory command." *Teamsters Local 690 v. NLRB*, 375 F.2d 966, 971 (9TH CIR. 1967); *Metal & Steel Chauffeurs, Teamsters Local 714 v. Madden*, 343 F.2d 497 (7TH CIR. 1965).

As the Board's opinion makes clear (Complaint Exhibit 2, at page 1), the sole legal issue in this case is whether the 30% "showing of interest" needed to support a deauthorization election under 29 U.S.C. § 159(e) may predate the execution of the contract containing the "union security" provision. Since the statute is silent about that specific question, the Board is free to interpret the statute as it sees fit, and it violates no "clear statutory mandate" by simply construing the silent statute in a way that effectuates employees' right to hold a secret ballot election.

Burke requests leave to intervene in the action as a Defendant to defend the NLRB's decision to grant him the deauthorization election that he has long sought. The National Labor Relations Board Defendants have stated that they do not oppose his Motion to Intervene. In contrast, Local 790's

attorney David Rosenfeld informed the undersigned that his client does oppose this intervention, even though Burke's attorney Glenn Taubman was served with all of the union's papers (presumably because the union recognized that Burke has a direct and substantial interest in the outcome of this case).

Burke (and his co-workers who support his deauthorization election ) have direct and substantial interests at stake in this case, and will benefit from a decision by this Court allowing the election to go forward.

First, Congress endowed them with a clear statutory right to deauthorize a forced-unionism (a.k.a. "union security") clause which they oppose. These employees are simply exercising their statutory rights under § 159(e) of the NLRA, although the exercise of such rights is anathema to Plaintiff Local 790.

Second, as the Board pointed out in *Covenant Aviation Security*, 349 NLRB No. 67 (30 March 2007), at page 5, employees may have conscientious scruples against compulsory unionism, and they may wish to refrain from paying dues to a union which they do not support. This is especially true when they perceive no benefit from the union's representation. That choice must be respected under the NLRA. **See,** *e.g.*, *CWA v. Beck*, 487 U. S. 735 (1988).

Third, employees may have constitutional objections to paying money to a union they do not support. **See,** *e.g.*, *Teachers Local No. 1 v. Hudson*, 475 U.S. 292 (1986); *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807 (9TH CIR. 1997); *Prescott v. County of El Dorado*, 177 F.3d 1102 (9TH CIR. 1999). That choice must also be respected.

Plaintiff Local 790 seeks invalidation of Burke's deauthorization election so that it can continue to force him and hundreds of his co-workers to pay dues to it or be fired. A successful deauthorization election will lift this legal obligation. That being so, Burke and his co-workers have a significant interest in the outcome of this lawsuit that is not necessarily shared with the public at large or even the NLRB.

In similar circumstances, the Ninth Circuit has allowed unions to intervene as of right in order to defend things such as a "prevailing wage" law against employer challenge. **See** *Californians for Safe and Competitive Dump Truck Trans. v. Mendonca*, 152 F.3d 1184, 1189 (9TH CIR. 1998); **see**

also *Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1411-1412 & n. 8 (9TH CIR. 1996) (union intervened to defend city boycott of a newspaper against claim that the city's action was preempted by federal law); *Employee Staffing Services, Inc. v. Aubry*, 20 F.3d 1038, 1042-43 (9TH CIR. 1994) (union intervened to defend state workers' compensation law against claim that it was preempted by federal law). Surely Mr. Burke, the petitioner in the underlying NLRB deauthorization case, has the same or even a greater interest than the unions that were permitted to intervene in these cases. *Automobile Workers Local 283 v. Scofield*, 382 U.S. 205 (1965) (individual employees have standing to intervene in appellate proceedings concerning the unfair labor practice charges they file with the NLRB).

As we show below, the standards for intervention of right under Rule 24(a), FED.R.CIV.P., are met in this case, so the motion for leave to intervene should be granted. In the alternative, Burke should be permitted to intervene under Rule 24(b), FED.R.CIV.P.

## II. ARGUMENT

### A. Intervention As Of Right

Intervention of right in federal lawsuits is governed by Rule 24(a), FED.R.CIV.P., which provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action:... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit applies a four-part test to evaluate claims for intervention under this rule: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9TH CIR. 1995); **see also** *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9TH CIR. 2002); *Mendonca*, 152 F.3d at 1189.

In applying these tests, Rule 24(a) must be construed "broadly in favor of potential intervenors," *City of Los Angeles*, 288 F.3d at 397, and in light of the "liberal policy in favor of intervention," *Forest Conservation Council*, 66 F.3d at 1493. This four-part test is satisfied here, as we now show.

### 1. Burke's Motion is Timely.

In determining timeliness, three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of any delay. **See** *United States v. Oregon*, 913 F.2d 576, 588-89 (9TH CIR. 1990). In this case, the motion to intervene is being filed within one week of the filing of the case. Nothing of substance has occurred to date. Burke's intervention will not delay the litigation of this action by even one day, or prejudice any party.

### 2. Burke Has a Sufficient Interest in the Subject Matter of the Action.

Rule 24(a)'s requirement of an "interest relating to the property or transaction" must be construed expansively. **See** *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132-36 (1967). The requirement "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *City of Los Angeles*, 288 F.3d at 398 (internal quotation marks omitted). Thus, "[w]hether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *Green v. United States*, 996 F.2d 973, 976 (9TH CIR. 1993). Two factors are important in deciding whether a party has a sufficient interest under Rule 24(a): (1) whether the interest asserted is "protected under some law" and (2) whether there is a "relationship" between the legally protected interest and the claims at issue. Id.

Here, Burke's rights and those of his supporters will be protected if the deauthorization election is allowed to proceed in accordance with the NLRB's orders. It is Burke's statutory rights under 29 U.S.C. § 159(e) that are being challenged by Local 790. Burke is the Petitioner who filed the case with the NLRB originally, and he is the litigant who successfully pursued Review of the Regional

Director's dismissal (Complaint Ex. 1) which brought the case to its present stage. Burke clearly has standing to intervene based on his protectable interest in securing a deauthorization election under 29 U.S.C. § 159(e). **See** *Automobile Workers Local 283 v. Scofield*, 382 U.S. 205 (1965) (individual employees have standing to intervene in appellate proceedings concerning the unfair labor practice charges they file with the NLRB).

Furthermore, there is a strong relationship between Burke's "legally protected interest" in securing his deauthorization election and the claims at issue in this lawsuit, because Plaintiff Local 790 seeks to enjoin application of § 159(e) to stop Burke's election. **See** *City of Los Angeles*, 288 F.3d at 398 ("The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant.") (internal quotation marks omitted); *Forest Conservation Council*, 66 F.3d at 1494 (the requisite "relationship" between the "legally protected interest" and the action exists when "the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects" upon applicants' interest).

Indeed, Mr. Burke's statutory rights under § 159(e) will be destroyed if this Court grants the requested injunction, as his election will be cancelled and he and his co-workers will continue to be forced to pay dues to a union they oppose.

In the instant case, Burke should be granted leave to intervene to defend his deauthorization election against Local 790's desperate challenge. He has a substantial interest in defending his election, and there is a direct relationship between that interest and the instant lawsuit.

### 3. The Disposition of this Action Will Impair Burke's Ability to Protect His Interest.

The third part of the Rule 24(a) inquiry "is whether the district court's decision will result in practical impairment of the interests of [the applicants in intervention], not whether the decision itself binds them." *Yniguez v. State of Arizona*, 939 F.2d 727, 735 (9TH CIR. 1991); **see also** *Forest Conservation Council*, 66 F.3d at 1493 (issue is whether disposition of the action "may as a practical matter impair or impede" the interests of the applicants in intervention). The outcome of this lawsuit unquestionably may impair Burke's ability to have his deauthorization election conducted, as Plaintiff

Local 790 seeks an injunction to prohibit that election from occurring. Were the court to enjoin the election, Burke and his supporters would be the big losers here.[3]

### 4. Burke's Interest May Not Be Adequately Represented by the Parties to the Action.

Finally, an applicant in intervention need not show that the existing parties will engage in conduct that will be detrimental to the applicant's interest. To the contrary, the requirement of inadequacy of representation "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be minimal." *Trbovich v. United Mine Workers*, 404 U.S. 525, 538 n. 10 (1972) (citation omitted); **see also** *Forest Conservation Council*, 66 F.3d at 1498 ("[I]t is sufficient to show that representation may be inadequate") (emphasis in original). Whether representation may be inadequate has nothing to do with the quality of the existing defendants' attorneys: "Rule 24 requires that we look to the adequacy or inadequacy of representation by "existing parties," not counsel." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 529 (9TH CIR. 1983).

Here, Plaintiff Local 790 "represents" Burke as his collective bargaining agent, but Local 790 is clearly taking positions contrary to Burke's rights and interests when it tries to enjoin his deauthorization election. Local 790 and its counsel also represent the institutional interests of unions, which are generally hostile to deauthorization elections. (For cases in which unions opposed deauthorization elections, **see** *Gilchrist Timber Co.*, 76 NLRB 1233 (1948); *Monsanto Chemical Corp.*, 147 NLRB 49 (1964); *Great Atlantic & Pacific Tea Co.*, 100 NLRB 1494 (1952); and *Albertsons/Max Food Warehouse*, 329 NLRB 410 (1999)). The interests of Local 790 are contrary to those of Burke and the employees who support his effort to deauthorize the compulsory dues clause in this case.

---

[3] The "practical impairment" standard of Rule 24(a) resulted from a 1966 amendment "designed to liberalize the right to intervene in federal actions." *Nuesse v. Camp*, 385 F.2d 694, 699 (D.C. CIR. 1967); **see also** Rule 24(a)(2), FED.R.CIV.P., Advisory Committee Note ("[I]f any [applicant] would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene").

The existing Defendants — the NLRB and its members — have already stated that they do not oppose the instant Motion to Intervene. This fact surely argues in favor of granting Burke's intervention. Moreover, it must be remembered that the NLRB and its members represent the interests of the public at large, not the particular interests of Burke and his co-workers who have long sought this deauthorization election. The Ninth Circuit recognized the importance of this distinction in *Forest Conservation Council*, noting that the "government must represent the broad public interest," not that of a particular subgroup, and where the intervenor has an interest not identical to that of the public at large, the government's representation of the "more narrow, parochial interests" of the intervenor may not be adequate. 66 F.2d at 1489. Thus, in *Forest Conservation Council*, the Ninth Circuit held that the district court erred by not granting intervention in a case already being defended by the United States Forest Service because the intervenors had a narrower interest than the public. Burke recognizes that the NLRB will do a fine job in representing its interests, and will undoubtedly oppose the union's lawsuit in order to support its own election processes. However, that NLRB interest is not identical to Burke's interest. Precisely because the interests of individual employees like Burke are more narrow than the interests of the public at large, he must be permitted to intervene. Further, the NLRB defendants have their own personal and institutional interests at stake in this case, as shown by Local 790's inexplicable decision to sue the NLRB members in their individual capacities.

For these reasons, neither the plaintiff nor the defendants adequately represent the interests of Proposed Intervenor Burke, who should be granted leave to intervene as of right.

**B.     Permissive Intervention.**

In the alternative, Burke should be permitted to intervene pursuant to Rule 24(b), FED.R.CIV.P., which allows permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Rule 24(b)(2), FED.R.CIV.P. In exercising discretion under Rule 24(b), the Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* There is no requirement of a significant protectable interest. **See** *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9TH.CIR. 2002).

Rule 24(b)'s requirement of a common question of law or fact is met in this case. The common question of law which Local 790, the NLRB and Burke seek to address is whether the NLRB should be enjoined under the narrow *Leedom v. Kyne* doctrine from conducting Mr. Burke's deauthorization election, based solely upon the timing of his "showing of interest' under 29 U.S.C. § 159(e).  There also is no basis for concern in this case that "intervention will unduly delay or prejudice the adjudication of the rights of the original parties," Rule 24(b)(2), FED.R.CIV.P., since Burke is seeking to intervene within one week of the filing of the case.  Burke has sought intervention at the outset of the litigation and is not requesting any delay whatsoever.

### III.  CONCLUSION

For the foregoing reasons, the Court should grant Stephen J. Burke, Jr.'s Motion for Leave to Intervene as a Defendant.

DATED: 31 May 2007

Respectfully submitted,

/s/ W. James Young

W. JAMES YOUNG, Esq.
GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
c/o National Right to Work Legal
        Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510

/s/ Scott A. Wilson

SCOTT A. WILSON, Esq.
California Bar No. 073187
711 8th Avenue, Suite C
San Diego, California 92101
(619) 234-9011
Facsimile — (619) 234-5853

ATTORNEYS FOR PROSPECTIVE DEFENDANT-INTERVENOR

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing **Notice of Motion; Motion for Leave to Intervene by Stephen J. Burke, Jr.; Memorandum of Points and Authorities in Support Thereof** were deposited in the United States Mail, first class postage prepaid, and sent *via* e-mail, addressed to:

> Joseph Norelli, Regional Director
> National Labor Relations Board, Region 20
> 901 Market Street, Suite 400
> San Francisco, California 94103
> E-Mail: Joseph.Norelli@nlrb.gov
>
> Anthony S. Graefe, Esq.
> Graefe & Hansen, Ltd.
> 55 West Monroe Street, Suite 3550
> Chicago, Illinois 60603
> E-Mail: Graefe@ghemployerlaw.com
>
> David A. Rosenfeld, Esq.
> Vincent A. Harrington, Jr., Esq.
> Weinberg, Roger & Rosenfeld, P.C.
> 1001 Marina Village Parkway, Suite 200
> Alameda, California 94501-1091
> E-Mail: DRosenfeld@unioncounsel.net; vharrington@unioncounsel.net
>
> Eric G. Moskowitz, Esq.
> Dawn Goldstein, Esq.
> National Labor Relations Board
> 1099 14th Street, N. W.
> Washington, D.C. 20570
> E-Mail: Dawn.Goldstein@nlrb.gov; Eric.Moskowitz@nlrb.gov

this 31st day of May, 2007.

/s/ W. James Young

W. JAMES YOUNG