W. JAMES YOUNG, Esq.
GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
FACSIMILE — (703) 321-9319

SCOTT A. WILSON, Esq.
California Bar No. 073187
711 8th Avenue, Suite C
San Diego, California 92101
(619) 234-9011
FACSIMILE — (619) 234-5853

ATTORNEYS FOR DEFENDANT-INTERVENOR

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as REGIONAL DIRECTOR, NATIONAL LABOR RELATIONS BOARD, REGION 20; *et al.*,<br><br>  Defendants. | CASE NO. 3:07-cv-2766 PJH<br><br>**[PROPOSED] ORDER GRANTING INTERVENTION**<br><br>**HEARING DATE:** Wednesday, 11 July 2007<br>**TIME:** 9:00 a.m.<br>**COURTROOM OF JUDGE HAMILTON, COURTROOM 3, 17TH FLOOR** |

The motion to intervene filed by Stephen J. Burke, Jr. ("Burke") came on for hearing before this Court on Wednesday, 11 July 2007, at 9:00 a.m., in Courtroom 3 of the United States District Court for the Northern District of 25 California, located at 450 Golden Gate Avenue, 16th Floor, San Francisco, California. Having considered all papers filed in support of and in opposition to the motion, the authorities submitted by Burke, and all other matters presented, and for the reasons set forth in this order, this Court hereby GRANTS that motion.

In this action, Plaintiff Service Employees International Union, Local 790 ("Local 790"), seeks to enjoin the NLRB from holding the deauthorization election that Burke sought in *Covenant Aviation*

1  *Security, LLC*, 349 NLRB No. 67 (2007).  Burke has demonstrated that he meets the requirements of

2  Rule 24(a), FED.R.CIV.P., which governs intervention as of right in federal lawsuits.

3        First, Burke's motion is timely, having been filed within one week after the initiation of this

4  action and prior to any discovery, motions, or case management conferences.

5        Second, the challenged deauthorization election was filed by Burke, and he has demonstrated

6  an interest in defending that election process.  He has standing to pursue his interests.  *Automobile*

7  *Workers Local 283 v. Scofield*, 382 U.S. 205 (1965) (individual employees have standing to intervene

8  in appellate proceedings concerning the unfair labor practice charges they file with the NLRB).

9        Third, the relief sought by Local 790, an injunction against the holding of the election sought

10  by Burke, would impede Burke's exercise of his statutory rights under 29 U.S.C. § 159(e).

11        Fourth, Plaintiff Local 790 has interests contrary to Burke.  Defendants represent the interests

12  of the Federal government and the public at large and therefore may not adequately represent Burke's

13  interests.  **See** *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1489 (9TH

14  CIR.1995).

15        Even if Burke was not entitled to intervene as of right, he has fulfilled the requirements set

16  forth in Rule 24(b), FED.R.CIV.P., for permissive intervention, in that he seeks to address a common

17  question of law (whether the NLRB should be enjoined under the narrow *Leedom v. Kyne* doctrine

18  from conducting his deauthorization election, based solely upon the timing of his "showing of interest"

19  under 29 U.S.C. § 159(e)).  His intervention will neither delay nor prejudice the rights of the original

20  parties.  Defendants do not oppose Burke's intervention.

21        For these reasons, Burke may intervene as of right pursuant to Rule 24(a), FED.R.CIV.P.

22        IT IS SO ORDERED.

23  DATED: _____ 2007

24  
                                                                        _____

25                                                                  HON. PHYLLIS J. HAMILTON

26                                                                  United States District Judge

27                                                        H:\WP\California Cases\Burke.CA\Intervention\Order.prp.wpd

28                                                                        Thursday, 31 May 2007, 15:37:48 PM

# CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing **[Proposed] Order Granting Motion for Leave to Intervene by Stephen J. Burke, Jr.,** were deposited in the United States Mail, first class postage prepaid, and sent *via* e-mail, addressed to:

Joseph Norelli, Regional Director
National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, California 94103
E-Mail: Joseph.Norelli@nlrb.gov

Anthony S. Graefe, Esq.
Graefe & Hansen, Ltd.
55 West Monroe Street, Suite 3550
Chicago, Illinois 60603
E-Mail: Graefe@ghemployerlaw.com

David A. Rosenfeld, Esq.
Vincent A. Harrington, Jr., Esq.
Weinberg, Roger & Rosenfeld, P.C.
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
E-Mail: DRosenfeld@unioncounsel.net; vharrington@unioncounsel.net

Eric G. Moskowitz, Esq.
Dawn Goldstein, Esq.
National Labor Relations Board
1099 14th Street, N. W.
Washington, D.C. 20570
E-Mail: Dawn.Goldstein@nlrb.gov; Eric.Moskowitz@nlrb.gov

this 31st day of May, 2007.

                                                /s/ W. James Young

                                                W. JAMES YOUNG