W. JAMES YOUNG, Esq.
GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510
FACSIMILE — (703) 321-9319

SCOTT A. WILSON, Esq.
California Bar No. 073187
711 8th Avenue, Suite C
San Diego, California 92101
(619) 234-9011
FACSIMILE — (619) 234-5853

ATTORNEYS FOR DEFENDANT-INTERVENOR

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as REGIONAL DIRECTOR, NATIONAL LABOR RELATIONS BOARD, REGION 20; *et al.*,<br><br>    Defendants,<br><br>and<br><br>STEPHEN J. BURKE, JR.,<br><br>    Defendant-Intervenor. | CASE NO. 3:07-cv-2766 PJH<br><br>**ANSWER OF DEFENDANT-INTERVENOR STEPHEN J. BURKE, JR.** |

Defendant-Intervenor Stephen J. Burke, Jr. ("Burke"), by and through his undersigned counsel, respectfully ANSWERS Plaintiff Service Employees International Union Local 790's ("Local 790") Complaint as follows:

## I. PARTIES TO THE ACTION

1. Burke admits that Local 790 is a labor organization within the meaning of the National Labor Relations Act. Based upon his lack of knowledge as to any other activities or actions undertaken by Local 790, Burke denies the remainder of Paragraph 1 of the Complaint.

2. Burke admits the allegations of Paragraph 2 of the Complaint.

3. Burke admits the allegations of Paragraph 3 of the Complaint, although he is without knowledge as to why Local 790 has chosen to name NLRB members in their individual capacities.

4. Burke admits the allegations of Paragraph 4 of the Complaint, although he is without knowledge as to why Local 790 has chosen to name NLRB members in their individual capacities.

5. Burke admits the allegations of Paragraph 5 of the Complaint, although he is without knowledge as to why Local 790 has chosen to name NLRB members in their individual capacities.

6. Burke admits the allegations of Paragraph 6 of the Complaint, although he is without knowledge as to why Local 790 has chosen to name NLRB members in their individual capacities.

7. Burke admits the allegations of Paragraph 7 of the Complaint, although he is without knowledge as to why Local 790 has chosen to name NLRB members in their individual capacities.

8. Burke admits the allegations of Paragraph 8 of the Complaint, although he is without knowledge as to why Local 790 has chosen to name NLRB members in their individual capacities.

## II. VENUE AND JURISDICTION

9. Burke admits that his deauthorization petition was filed in NLRB Region 20 in San Francisco, but denies that the petition being challenged arises from Case No. 20-UD-445. To the contrary, the deauthorization petition over which an election is now sought was filed later, in Case No. 20-UD-447. Burke is without knowledge as to where the contract containing the "union security clause" was entered into, although he admits that the contract in general covers a unit of employees working at the San Francisco International Airport. Burke is without knowledge concerning the locations of any offices maintained by Local 790. On this basis, Burke states that venue may be, but is not necessarily proper in this judicial district; it might instead be proper in the District of Columbia where the NLRB maintains its headquarters.

10. Burke denies that this Court has subject matter jurisdiction over this lawsuit. To the contrary, federal courts have no jurisdiction or authority over NLRB representational and election decisions. *Leedom v. Kyne*, 358 U.S. 184 (1958); **see also** *Metal & Steel Chauffeurs, Teamsters Local 714 v. Madden*, 343 F.2d 497 (7TH CIR. 1965) (federal court has no jurisdiction to enjoin a duly conducted deauthorization election).

### III. FACTS COMMON TO EACH OF THE CLAIMS

11. Burke incorporates herein by reference all of the answers set forth above in Paragraphs 1 through 10.

12 Burke is without knowledge concerning the activities of the so-called panel of neutrals, and on that basis denies the allegations of Paragraph 12 of the Complaint.

13. Burke admits that on or about 3 October 2005, his employer, Covenant Aviation Security, LLC ("Covenant") recognized Local 790 as his collective bargaining agent and a unit of other security screeners. Burke further admits that Covenant and Local 790 began bargaining in approximately November 2005. All other allegations of Paragraph 13 of the Complaint are denied for want of knowledge.

14. Burke is without knowledge concerning the internal activities of Local 790 and on that basis denies the allegations of Paragraph 14 of the Complaint.

15. Burke is without knowledge concerning the internal activities of Local 790 and on that basis denies the allegations of Paragraph 15 of the Complaint.

16. Burke is without knowledge concerning the internal activities of Local 790 and Covenant, and on that basis denies the allegations of Paragraph 16 of the Complaint.

17. Burke admits the allegations of Paragraph 17 of the Complaint. He notes, however, that his 11 January 2006, petition referenced in Paragraph 17 of the Complaint (Case No. 20-UD-445) was withdrawn with the approval of NLRB Regional Director Norelli on 11 May 2007. The election petition which is actually moving forward to an election was filed on 6 April 2007, as amended on 1 May 2007. That later-filed petition was docketed as Case No. 20-UD-447.

18. Burke admits that Regional Director Norelli erroneously dismissed his original petition

in Case No. 20-UD-445, and shortly thereafter reinstated it in February 2006.

    19.    Burke admits that on 23 March 2006, Regional Director Norelli again dismissed his original deauthorization petition. Burke admits that a true and correct copy of that dismissal letter is attached to Local 790's Complaint as Exhibit 1, and asserts that the dismissal letter speaks for itself. All other allegations in Paragraph 19 of the Complaint and any additional characterizations of the dismissal by Local 790 are denied.

    20.    Burke admits that on 23 March 2006, Regional Director Norelli dismissed his deauthorization petition. Burke admits that a true and correct copy of that dismissal letter is attached to Local 790's Complaint as Exhibit 1, and asserts that the dismissal letter speaks for itself. All other allegations in Paragraph 20 of the Complaint and any additional characterizations of the dismissal by Local 790 are denied.

    21.    Burke admits that on 23 March 2006, Regional Director Norelli dismissed his deauthorization petition. Burke admits that a true and correct copy of that dismissal letter is attached to Local 790's Complaint as Exhibit 1, and asserts that the dismissal letter speaks for itself. Any other allegations in Paragraph 21 of the Complaint and any additional characterizations of the dismissal by Local 790 are denied.

    22.    Burke admits that on 23 March 2006, Regional Director Norelli dismissed his deauthorization petition. Burke admits that a true and correct copy of that dismissal letter is attached to Local 790's Complaint as Exhibit 1, and asserts that the dismissal letter speaks for itself. Any other allegations in Paragraph 22 of the Complaint and any additional characterizations of the dismissal by Local 790 are denied. Moreover, Local 790 omits to state that the alleged "premature" petition in Case No. 20-UD-445 was superseded by the filing of the later petition on 6 April 2007, as amended on 1 May 2007, in Case No. 20-UD-447. The Board, in its opinion in *Covenant Aviation Security, LLC*, 349 NLRB No. 67 (2007) (Complaint Exhibit 2, page 1, n.1), explicitly contemplated the filing of a new timely petition by Burke to cure any defects in the timing of the filing, which is precisely what occurred here with regard to the filing of the subsequent petition in Case No. 20-UD-447.

    23.    Burke admits that on 23 March 2006, Regional Director Norelli dismissed his deauthorization petition. Burke admits that a true and correct copy of that dismissal letter is attached

to Local 790's Complaint as Exhibit 1, and asserts that the dismissal letter speaks for itself. All other allegations in Paragraph 23 of the Complaint and any additional characterizations of the dismissal by Local 790 are denied.

24. Burke admits that on 23 March 2006, Regional Director Norelli dismissed his deauthorization petition. Burke admits that a true and correct copy of that dismissal letter is attached to Local 790's Complaint as Exhibit 1, and asserts that the dismissal letter speaks for itself. All other allegations in Paragraph 24 of the Complaint and any additional characterizations of the dismissal by Local 790 are denied.

25. Burke admits the allegations of Paragraph 25 of the Complaint.

26. Burke admits that on 30 March 2007, a panel of the National Labor Relations Board issued the decision in *Covenant Aviation Systems, LLC*, 349 NLRB No. 67, a true and correct copy of which is attached to Local 790's Complaint as Exhibit 2. Burke asserts that the decision of the NLRB speaks for itself. All other allegations in Paragraph 26 of the Complaint and any additional characterizations by Local 790 of the NLRB's decision are denied.

27. Burke admits that in April 2007, Regional Director Norelli reinstated his petition, although, as noted above, Burke's original petition in Case No. 20-UD-445 was superseded by the filing of the later petition on 6 April 2007, as amended on 1 May 2007, in Case No. 20-UD-447. The Board in its opinion in *Covenant Aviation Security, LLC*, 349 NLRB No. 67 (2007) (Complaint Exhibit 2, page 1, n.1) explicitly contemplated the filing of a new timely petition by Burke to cure any defects in the timing of the filing, which is precisely what occurred here with regard to the filing of the subsequent petition in Case No. 20-UD-447.

28. Burke admits the allegations of Paragraph 28 of the Complaint.

29. Burke admits the allegations of Paragraph 29 of the Complaint.

30. Burke admits the allegations of Paragraph 30 of the Complaint.

### IV. FIRST CAUSE OF ACTION

31. Burke incorporates herein by reference all of the answers set forth above in Paragraphs 1 through 30.

32. Burke denies the allegations of Paragraph 32 of the Complaint.

33. Burke denies the allegations of Paragraph 33 of the Complaint.

34. Burke denies the allegations of Paragraph 34 of the Complaint.

## V.  SECOND CAUSE OF ACTION

35. Burke incorporates herein by reference all of the answers set forth above in Paragraphs 1 through 34.

36. Burke denies the allegations of Paragraph 36 of the Complaint.

37. Burke denies the allegations of Paragraph 37 of the Complaint.

38. Burke denies the allegations of Paragraph 38 of the Complaint.

## VI.  PRAYER FOR RELIEF

Defendant-Intervenor Burke denies all of the allegations of this section of the Complaint and states that Local 790 is entitled to no relief in this case, and that this case must be dismissed for want of federal court jurisdiction.  The NLRB has not acted in excess of its clear statutory authority, and this lawsuit should be dismissed as it is frivolous and not based in law or fact.  *Leedom v. Kyne*, 358 U.S. 184 (1958); **see also** *Metal & Steel Chauffeurs, Teamsters Local 714 v. Madden*, 343 F.2d 497 (7TH CIR. 1965) (federal court has no jurisdiction to enjoin a duly conducted deauthorization election).

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure to join an indispensable party.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant-Intervenor Stephen J. Burke, Jr., prays for judgment as follows: That Plaintiff take nothing by its Complaint; that judgment be entered in favor of Defendants and Defendant-Intervenor; that attorneys' fees and costs of suit be awarded to Defendants and Defendant-Intervenor; that the Court award such other and further relief as is just and proper; and that Defendants and Defendant-Intervenor be awarded sanctions for the filing of this factually and legally unfounded lawsuit.

DATED: 31 May 2007

Respectfully submitted,

/s/ W. James Young

W. JAMES YOUNG, Esq.
GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510
FACSIMILE — (703) 321-9319

/s/ Scott A. Wilson

SCOTT A. WILSON, Esq.
California Bar No. 073187
711 8th Avenue, Suite C
San Diego, California 92101
(619) 234-9011
FACSIMILE — (619) 234-5853

ATTORNEYS FOR DEFENDANT-INTERVENOR

H:\WP\California Cases\Burke.CA\Intervenor's Answer.wpd
Thursday, 31 May  2007, 15:39:37 PM

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing **Defendant-Intervenor's Answer** were deposited in the United States Mail, first class postage prepaid, and sent *via* e-mail, addressed to:

Joseph Norelli, Regional Director
National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, California 94103
E-Mail: Joseph.Norelli@nlrb.gov

Anthony S. Graefe, Esq.
Graefe & Hansen, Ltd.
55 West Monroe Street, Suite 3550
Chicago, Illinois 60603
E-Mail: Graefe@ghemployerlaw.com

David A. Rosenfeld, Esq.
Vincent A. Harrington, Jr., Esq.
Weinberg, Roger & Rosenfeld, P.C.
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
E-Mail: DRosenfeld@unioncounsel.net; vharrington@unioncounsel.net

Eric G. Moskowitz, Esq.
Dawn Goldstein, Esq.
National Labor Relations Board
1099 14th Street, N. W.
Washington, D.C. 20570
E-Mail: Dawn.Goldstein@nlrb.gov; Eric.Moskowitz@nlrb.gov

this 31st day of May, 2007.

                                                /s/ W. James Young

                                                W. JAMES YOUNG