VINCENT A. HARRINGTON, JR., Bar No. 071119
DAVID A. ROSENFELD, Bar No. 058163
ERIC M. BORGERSON, Bar No. 177943
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff
Service Employees International Union, Local 790

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as Regional Director, NATIONAL LABOR RELATIONS BOARD, REGION 20; ROBERT J. BATTISTA, Individually and in his Capacity as Chairman and Member of the NATIONAL LABOR RELATIONS BOARD; PETER N. KIRSANOW, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; DENNIS P. WALSH, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; WILMA B. LIEBMAN, Individually, and in her Capacity as a Member of the NATIONAL LABOR RELATIONS BOARD; PETER CARY SHAUMBER, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　Defendants. | No.<br><br>**OPPOSITION TO MOTION FOR LEAVE TO INTERVENE AND MOTION TO SHORTEN TIME**<br><br>Date:<br><br>Time:<br><br>Judge: |

## I. **INTRODUCTION**

Plaintiff Service Employees International Union Local 790 ("Local 790") respectfully

submits this memorandum in opposition to the Motion For Leave to Intervene and Motion to Shorten Time filed by Messrs. Glenn Taubman, Esq., W. James Young, Esq., and Scott A. Wilson, Esq.

The motions should be denied because, simply stated, the interests of the individual the attorneys who filed the motions purport to represent are identical to the interests of the named Defendants and are fully and adequately represented by the named Defendants and the attorneys with the General Counsel for the National Labor Relations Board ("NLRB") who represent them in this action. The sufficiency of that representation is reflected, *inter alia*, by the fact that the prospective Intervener has filed a memorandum of points and authorities in opposition to Plaintiff's Motion for Preliminary Injunction which merely re-states arguments already articulately presented by the NLRB in its memorandum of points and authorities in opposition to Plaintiff's Motion. Prospective Intervener offers no additional argument and has no additional interests in excess of those presented and advanced by the NLRB in its defense of the Board's Decision and Order.

The sole issue presented in this case is whether the Board's Decision and Order mandating the conducting of a de-authorization election based on a petition that was signed before any agreement containing a union security clause was in effect was in excess of the Board's jurisdiction because it violated a clear statutory command set forth at Section 9(e)(1) of the National Labor Relations Act, 29 U.S.C. §159(e)(1). If the court agrees with Plaintiff that the Board's action exceeded its jurisdiction, then the election based on the disputed petition will not proceed and the petitioner will be required to file a new petition with support obtained after the agreement went into effect. If the court disagrees with Plaintiff, then the election based on the disputed petition will proceed. Thus, the entire case turns on resolution of that issue and the prospective Intervener's interest, namely in having the election based on the disputed petition go forward, is in every respect identical to the interest pursued by the named Defendants and their counsel. Intervener could not hope to achieve any result different from the result the NLRB will pursue, namely, that the election proceed. The prospective Intervener's counsel admit that the NLRB General Counsel will adequately litigate the issues presented in Plaintiff's Complaint and

moving papers. (See Motion For Leave To Intervene, p. 9: "Burke recognizes that the NLRB will do a fine job in representing its interests, and will undoubtedly oppose the union's lawsuit in order to support its own election processes.")

Further undercutting the legitimacy of their Motion for Leave to Intervene, the attorneys for prospective Intervener have refused to produce their purported client for deposition, so that his interest in the litigation and the extent to which the NLRB adequately represents that interest could be explored. See Declaration of David Rosenfeld, filed concurrently herewith, at ¶¶ 7-10.

Moreover, it is unclear whom the attorneys who filed the Motion For Leave to Intervene and Motion to Shorten Time actually represent, and who else represents the person that the attorneys who filed the Motions purport to represent. Specifically, at the same time as the attorneys for the "prospective Intervener" claim to represent Stephen J. Burke as "Petitioner" before the NLRB in the action at issue herein, another individual, James Michaelson, has asserted that *he* represents the "Petitioner" referenced by the attorneys who filed the Motion to Intervene. See Rosenfeld Declaration, ¶ 11, Exhibit C. In the same correspondence, Michaelson states that he acts as representative of the Screeners Association Local 1, the labor organization that unsuccessfully sought to prevent Local 790 from becoming certified as the exclusive bargaining representative of the security officers who would be voting in the disputed de-authorization election. *Id.*, Ex. C at p. 4. Thus, it is unclear what person(s) or entity/entities actually is/are seeking intervention and who represents that/those person(s) or entity/entities. The Screeners Association Local 1 does not have even a colorable interest in this action because it was not a party to the proceedings before the NLRB and there is no representation matter pending that involves the Screeners Association in any way. These facts further negate the purported basis for granting Intervention, particularly since the interests of *any* entity or individual that supports enforcement of the Board's Decision and Order and the conducting of the de-authorization election pursuant to that Decision and Order are already amply represented by the NLRB and its counsel.

The Motion to Intervene and, therefore, the Motion to Shorten Time should be denied.

## II. ARGUMENT

### A. THE MOTION TO INTERVENE SHOULD BE DENIED BECAUSE STEPHEN J. BURKE'S PURPORTED INTEREST IN THIS LITIGATION IS MORE THAN ADEQUATELY REPRESENTED BY THE NLRB DEFENDANTS, REPRESENTED BY THE NLRB GENERAL COUNSEL.

As counsel who filed the Motion for Leave to Intervene acknowledge, Intervention of right under Fed.R.Civ.P. 24(a) is unavailable where "the applicant's interest is adequately represented by existing parties."

There is no question here that the interests of Stephen J. Burke, the asserted proposed Intervener, are fully and adequately represented by the NLRB Defendants and their counsel. Burke's only arguable interest in this litigation is in seeing the election based on the disputed de-authorization petition go forward as scheduled. This is precisely the interest pursued by the NLRB Defendants and their counsel. Burke can assert no interest that is additional to or more specific than the interests advanced by the NLRB Defendants and their counsel.

Burke's citation to cases in which the court found an individual's interest to be more specific than the general public interest pursued by a government agency are wholly inapposite here because, in this case, Burke's interest and goal in this litigation is identical in all respects to the interest and goal pursued by the NLRB Defendants and their counsel.

Permissive intervention is no more appropriate here because Burke has no standing to assert a claim or defense in any action involving enforcement or vacation of the NLRB's decision. Moreover, as Burke's only arguable interest in this litigation is already being zealously advocated by the NLRB Defendants and their counsel, and in light of the fact that Burke has submitted identical arguments regarding the issues presented, allowing Burke and his counsel to intervene would add nothing to the adjudication of the issues and would serve only to delay the proceedings by wasting the parties' and the court's time on unnecessary hearings, review and responses to pleadings, and time devoted to oral argument.

It is respectfully submitted that the Motion For Leave to Intervene should be denied in order to avoid unnecessary and wasteful proceedings that will, at best, duplicate discussion of issues already adequately framed and briefed by the parties to this action.

B.  **THE ATTORNEYS WHO FILED THE MOTION TO INTERVENE HAVE REFUSED TO PRODUCE BURKE FOR DEPOSITION TO EXPLORE HIS PURPORTED INTEREST IN THIS LITIGATION AND THE EXTENT TO WHICH IT IS ALREADY ADEQUATELY REPRESENTED BY THE NLRB.**

The asserted justification for Intervention is further undercut by the obstinate refusal of the attorneys who filed the Motion for Leave to Intervene to produce Stephen J. Burke for a timely deposition, so that his level of interest in this litigation and the extent to which his interests are already represented by the NLRB and their counsel could be examined.

Mr. Burke and his counsel have offered no explanation as to how his interests differ in any way from those represented by the NLRB Defendants and their counsel. And, his attorneys glibly rebuffed Plaintiff's effort to question Burke regarding his alleged particularized interest. Burke and his lawyers would rather waste the parties' and this Court's resources in an unnecessary hearing, under a shortened briefing schedule, than allow Burke to be questioned under oath as to why Intervention is appropriate in light of the identity of his interests with those of the NLRB.

C.  **IT IS UNCLEAR WHO THE ATTORNEYS WHO FILED THE MOTION TO INTERVENE REPRESENT, WHO ELSE REPRESENTS THE INDIVIDUAL THEY PURPORT TO REPRESENT, AND WHAT OTHER PERSONS OR ENTITIES ARE ACTUALLY SEEKING TO INTERVENE.**

Further undermining the purported legitimacy of the Motion for Leave to Intervene, recent correspondence by Jeff Michaelson, self-proclaimed representative of the United Screeners Association, Local 1, creates ambiguity as to whether the attorneys who filed the Motion for Leave to Intervene represent Burke; whether Burke is also represented by Michaelson; and whether the party seeking to intervene in this action actually is United Screeners Association Local 1, an entity with no standing to be involved in this litigation.

This ambiguity and the possibility that the entity seeking intervention actually is an organization with no legitimate interests in this litigation militates strongly against granting the intervention motion, particularly since a briefing schedule is already established, the NLRB has thoroughly briefed all issues any Intervener would attempt to address, permitting intervention would unnecessarily encumber and delay the proceedings herein, the parties represent all

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337-1001

- 5 -
OPPOSITION TO MOTION TO INTERVENE AND MOTION TO SHORTEN TIME

legitimate interests presented by this litigation, and the court has ample material and access to interested parties with which to make a reasoned ruling on Plaintiff's Motion for Preliminary Injunction.

### III. CONCLUSION

For the foregoing reasons and based on the pleadings and papers on file with the court, Plaintiff respectfully submits that the Motion for Leave to Intervene and the Motion to Shorten Time should be denied.

Dated: June 6, 2007

                WEINBERG, ROGER & ROSENFELD
                A Professional Corporation
                   Vincent A. Harrington, Jr.
                   David A. Rosenfeld
                   Eric M. Borgerson

By: /s/ Vincent A. Harrington, Jr.
VINCENT A. HARRINGTON, JR.
Attorneys for Plaintiff
Service Employees International Union, Local 790

116046/459403