VINCENT A. HARRINGTON, JR., Bar No. 071119
DAVID A. ROSENFELD, Bar No. 058163
ERIC M. BORGERSON, Bar No. 177943
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff
Service Employees International Union, Local 790

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as Regional Director, NATIONAL LABOR RELATIONS BOARD, REGION 20; ROBERT J. BATTISTA, Individually and in his Capacity as Chairman and Member of the NATIONAL LABOR RELATIONS BOARD; PETER N. KIRSANOW, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; DENNIS P. WALSH, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; WILMA B. LIEBMAN, Individually, and in her Capacity as a Member of the NATIONAL LABOR RELATIONS BOARD; PETER CARY CHAUMBER, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD,<br><br>Defendants. | No.    C07-2766 PJH<br><br>**DECLARATION OF DAVID A. ROSENFELD IN OPPOSITION TO MOTION FOR LEAVE TO INTERVENE AND MOTION TO SHORTEN TIME** |

I, David A. Rosenfeld, declare the following based on personal knowledge except where my assertions are specified to be based on information and belief:

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1.  I am a shareholder in the law firm of Weinberg, Roger & Rosenfeld, attorneys of record for Plaintiff Service Employees International Union Local 790 ("Local 790") in the above-captioned case.

2.  At issue in the above-captioned case is an Order of the National Labor Relations Board ("NLRB") dated March 20, 2007, in NLRB Case No. 20-UD-445, reported as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67 ("NLRB Decision and Order").

3.  On May 25, 2007, Plaintiff filed with the U.S. District Court for the Northern District of California the following documents:

- Verified Complaint for Declaratory and Injunctive Relief;
- Request for Order to Show Cause Why Preliminary Injunction Should Not Issue;
- Declaration of David A. Rosenfeld in Support of Request for Order to Show Cause Why Preliminary Injunction Should Not Issue;
- Proposed Order to Show Cause Why Preliminary Injunction Should Not Issue;
- Motion for Preliminary Injunction;
- Declaration of Jamie Thompson in Support of Motion for Preliminary Injunction;
- Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction;
- Request for Judicial Notice;
- Proposed Order and Preliminary Injunction.

4.  On May 31, 2007, counsel for the NLRB filed with this Court the following documents:

- Notice of Appearance
- Response of National Labor Relations Board to Plaintiff's Request for Order to Show Cause and In Opposition to Preliminary Injunction.

5.  On June 1, 2007, Judge Hamilton issued an Order to Show Cause Why Preliminary Injunction Should Not Issue, commanding the NLRB to appear before the Court on June 27, 2007, at 9:00 a.m.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1000 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 2 -
DECLARATION OF DAVID A. ROSENFELD IN OPPOSITION TO
MOTION FOR LEAVE TO INTERVENE AND MOTION TO SHORTEN TIME

6.  On June 1, 2007, attorneys Glenn Taubman and W. James Young, counsel for the National Right To Work Legal Defense Foundation, Inc., on behalf of Stephen J. Burke, the Screeners Association member who filed the de-authorization petition that gave rise to the dispute at issue herein, filed the following documents with the Court:

- Notice of Appearance;
- Application to Appear Pro-Hac Vice;
- Answer to Plaintiff's Complaint;
- Motion for Leave to Intervene;
- Response to Plaintiff's Order to Show Cause and Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction;
- Motion to Shorten Time and Set Hearing on Motion to Intervene.

7.  In light of the short briefing schedule sought by counsel for the proposed Intervener, on June 1, 2007, I served via electronic mail and U.S. Mail a Notice of Deposition to take the deposition of Stephen J. Burke on June 6, 2007, in order to ascertain Mr. Burke's interest in this litigation and to determine the extent to which Mr. Burke's purported interests are adequately represented by the NLRB Defendants and their counsel.  A true and correct copy of that Notice of Deposition is attached hereto as Exhibit A.

8.  On June 4, 2007, W. James Young, Esq., one of the attorneys who filed the Motion for Leave to Intervene and related papers, informed me via electronic mail that he did not intend to produce Mr. Burke for his scheduled deposition.  A true and correct copy of Mr. Young's email is attached hereto as Exhibit B.

9.  On June 4, 2007, I responded to Mr. Young via facsimile and U.S. Mail, informing him that it was necessary to depose Mr. Burke on short notice due to the short schedule sought by Mr. Young regarding his Motion for Leave to Intervene.  I also offered to allow Mr. Young to appear at the deposition telephonically from Virginia, in order to accommodate him, given the distance between our offices.  A true and correct copy of my letter to Mr. Young is attached hereto as Exhibit C.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda CA 94501-1091
510 337 1001

- 3 -

DECLARATION OF DAVID A. ROSENFELD IN OPPOSITION TO
MOTION FOR LEAVE TO INTERVENE AND MOTION TO SHORTEN TIME

1    10. Mr. Young never responded to my letter and neither Mr. Burke nor any counsel on his

2    behalf appeared at our offices at the time and place noticed for Mr. Burke's deposition.

3    11. On June 5, 2007, I received from its addressee a copy of a letter signed by Jeff Michaelson,

4    addressed to Mr. Anthony Graef, Esq., attorney for Covenant Aviation Security, LLC, the

5    employer of the individuals who are covered by the collective bargaining agreement containing the

6    union security clause that is the subject of the de-authorization petition at issue herein.  In his

7    letter, which he signed as "Jeff Michaelson [¶] Representing Petitioner", Mr. Michaelson asserts

8    that he represents Stephen J. Burke and also that he represents the United Screeners Association,

9    Local 1.  A true and correct copy of Mr. Michaelson's letter is attached hereto as Exhibit D.

10    I declare the foregoing based on personal knowledge under penalty of perjury under the laws of

11    the United States of America. Executed this 6th day of June, 2007, at Alameda, California.

12

13                                            By:  _____

14                                            DAVID A. ROSENFELD
                                             Attorneys for Plaintiff
15                                            Service Employees International Union, Local 790

16

17

18    116046/459539

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337-1001

- 4 -
DECLARATION OF DAVID A. ROSENFELD IN OPPOSITION TO
MOTION FOR LEAVE TO INTERVENE AND MOTION TO SHORTEN TIME

1   VINCENT A. HARRINGTON, JR., Bar No. 071119
    DAVID A. ROSENFELD, Bar No. 058163
2   ERIC M. BORGERSON, Bar No. 177943
    WEINBERG, ROGER & ROSENFELD
3   A Professional Corporation
    1001 Marina Village Parkway, Suite 200
4   Alameda, California 94501-1091
    Telephone 510.337.1001
5   Fax 510.337.1023

6   Attorneys for Plaintiff
    Service Employees International Union, Local 790

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11   SERVICE EMPLOYEES INTERNATIONAL  )  No.  C07-2766 PJH
    UNION, LOCAL 790                  )
12                               )
            Plaintiff,            )
13                               )
        v.                   )
14                               )
    JOSEPH P. NORELLI, Individually, and in his  )  **NOTICE OF DEPOSITION OF**
15   capacity as Regional Director, NATIONAL  )  **STEPHEN J. BURKE, JR.**
    LABOR RELATIONS BOARD, REGION 20;  )
16   ROBERT J. BATTISTA, Individually and in  )
    his Capacity as Chairman and Member of the  )
17   NATIONAL LABOR RELATIONS BOARD;  )
    PETER N. KIRSANOW, Individually, and in  )
18   his Capacity as a Member, NATIONAL  )
    LABOR RELATIONS BOARD; DENNIS P.  )
19   WALSH, Individually, and in his Capacity as a  )
    Member, NATIONAL LABOR RELATIONS  )
20   BOARD; WILMA B. LIEBMAN, Individually,  )
    and in her Capacity as a Member of the  )
21   NATIONAL LABOR RELATIONS BOARD;  )
    PETER CARY SHAUMBER, Individually, and  )
22   in his Capacity as a Member, NATIONAL  )
    LABOR RELATIONS BOARD,       )
23                               )
                              )
24            Defendants.        )
    _____)
25

26         To DEFENDANTS JOSEPH P. NORELLI, Regional Director, NATIONAL LABOR

27   RELATIONS BOARD (hereinafter "NLRB"), REGION 20; ROBERT J. BATTISTA, Chairman

28   and Member of the NLRB; PETER N. KIRSANOW, Member of the NLRB; DENNIS P. WALSH,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway,
Suite 200
Alameda, CA 94501-1091
510 337-1001

**EXHIBIT A**

1    Member of the NLRB; WILMA B. LIEBMAN, Member of the NLRB; PETER CARY

2    SHAUMBER, Member of the NLRB, and their attorney(s), YOU ARE HEREBY NOTIFIED that

3    the DEPOSITION of STEPHEN J. BURKE, JR. will be taken at the Law Offices of Weinberg,

4    Roger & Rosenfeld, located at 1001 Marina Village Parkway, Suite 200, Alameda, California,

5    commencing at 9:00 a.m. on June 6, 2007 and continuing from day to day thereafter. The

6    deposition will be recorded via stenographic record.

7        So far as known to the deposing party, the deponent's address and telephone number are as

8    follows:  3661 Fleetwood Drive, San Bruno, CA 94066; 650-588-1690. The deposing party is

9    further informed that the deponent is represented by counsel, to wit: Glenn Taubman, Esq. and

10    James Young, Esq., National Right To Work Legal Defense Foundation, Inc. 8001 Braddock

11    Road, Suite 600, Springfield, VA. 22160; (800) 336-3600. The deponent is being served with this

12    Notice of Deposition by and through his attorneys.

13        A list of all parties, attorneys for parties, and counsel for the deponent, on whom this

14    Notice of Deposition is being served, is shown on the accompanying Proof of Service.

15    Dated: June 1, 2007

16                                WEINBERG, ROGER & ROSENFELD
                                  A Professional Corporation
17                                    Vincent A. Harrington, Jr.
                                      David A. Rosenfeld
18                                    Eric M. Borgerson

19
                                  By:    _Eric Borgerson  for  DAR_
20                                       DAVID A. ROSENFELD
                                         Attorneys for Plaintiff
21                                       Service Employees International Union, Local 790

22
     116046/459072
23

24

25

26

27

28
WEINBERG, ROGER &
    ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
      Suite 200
Alameda, CA 94501-1091
    510.337.1001

NOTICE OF DEPOSITION OF STEPHEN J. BURKE JR.

**PROOF OF SERVICE**

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091. On June 1, 2007, I served upon the following parties in this action:

Joseph Norelli
Regional Director
National Labor Relations Board,
 Region 20
901 Market Street, Suite 400
San Francisco, CA 94103

E-mail: Joseph.Norelli@nlrb.gov

Glenn M. Taubman, Esq.
W. James Young, Esq.
National Right To Work Legal Defense
Foundation
8001 Braddock Road, Suite 600
Springfield, VA 22160

E-mail: Gmt@nrtw.org
         wjy@nrtw.org

Anthony S. Graefe, Esq.
Graefe & Hansen, Ltd.
55 West Monroe Street, Suite 3550
Chicago, IL 60603

E-mail: Graefe@ghemployerlaw.com

Dawn Goldstein, Esq.
National Labor Relations Board
1099 14th Street, N.W.
Washington, D.C. 20570-0001

E-mail: Dawn.goldstein@nlrb.gov

copies of the document(s) described as:

**NOTICE OF DEPOSITION OF STEPHEN J. BURKE, JR.**

[X ]  **BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[X]  **BY ELECTRONIC MAIL** on all interested parties by means of electronic delivery. I transmitted from electronic address of kshaw@unioncounsel.net, a true copy of the above-referenced document(s) to each party at the e-mail address as noted above.

[ ]  **BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510-337-1001

- 3 -

1    [ ]    **BY FACSIMILE**  I caused to be transmitted each document listed herein via the fax
2    number(s) listed above or on the attached service list.

I certify under penalty of perjury that the above is true and correct.  Executed at Alameda,
3
California, on June 1, 2007.
4
5    Katrina Shaw

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510-337-1001

NOTICE OF DEPOSITION OF STEPHEN J. BURKE JR.

**Katrina Shaw**

| | |
|---|---|
| **From:** | W James Young [wjy@nrtw.org] |
| **Sent:** | Friday, June 01, 2007 6:05 PM |
| **To:** | David Rosenfeld; Katrina Shaw |
| **Cc:** | Vin Harrington; Goldstein, Dawn; Glenn M. Taubman; scott@pepperwilson.com |
| **Subject:** | Your Notice of Deposition |

Dear David:

I am in receipt of your Notice of Deposition, by which you attempt to schedule the deposition of my client on Wednesday, 6 June. Your notice was apparently transmitted at 7:21 E.D.T. (4:21 P.D.T.), after the close of business on the East Coast, with the intention that it not be received by either Mr. Burke's counsel or by Defendants' counsel until two days before the scheduled deposition.

Let me first respond by observing that the notion that we would allow you to depose our client on four days' notice is ... optimistic. Let me further note that, were we so inclined, it is impossible in any case, as Mr. Burke's counsel is not available on the date set, or on any date in the next two weeks. Indeed, I would be surprised if you could procure a court reporter on such short notice.

Finally, you might want to consider taking a refresher course on the Federal Rules of Civil Procedure, with particular attention to Rule 26(d). Rule 26(d) provides, in pertinent part, that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) "

Should the Court deny our impending Motion to Dismiss, we will --- of course --- comply with the Federal Rules of Civil Procedure and the Court's Scheduling Order, when one is issued.

Very truly yours,
W. James Young
Counsel for Stephen J. Burke, Jr.

**EXHIBIT B**

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLL
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
•JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

ANNE I. YEN
NICOLE M. PHILLIPS
BROOKE D. PIERMAN •••
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel
JOHN PLOTZ, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada

# WEINBERG, ROGER & ROSENFELD

## A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

June 4, 2007

VIA E-MAIL ATTACHMENT AND US MAIL

W. James Young, Esq.
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA 22160

Re:    SEIU Local 790 v. Norelli, et al.
       USDC NDCAL Case No. C07-2766 PJH

Dear Mr. Young,

I am in receipt of your electronic correspondence dated June 1, 2007.

A prompt deposition of Mr. Burke is essential in order to determine his level of interest in the pending litigation between Local 790 and the NLRB defendants as well as the extent to which his interests are already adequately represented by the NLRB General Counsel. Proper adjudication of your motion depends upon ascertainment of these important factual issues, which requires the taking of Mr. Burke's deposition on short notice.

The deposition should not take long. As an accommodation to you given the distance between our offices, we would not object to you appearing for the deposition and representing your client via telephone from Virginia.

If you refuse to produce your client at the time and place specified for his deposition, your refusal will be brought to the attention of the court when we submit our arguments in opposition to your motion to intervene and will provide additional support for our position that intervention is unnecessary and should be denied.

Please advise this office *post haste* as to whether you intend to produce your client for his noticed deposition.

Sincerely,

David A. Rosenfeld

116046/459146

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street
Honolulu, HI 96
TEL 808.528.8880 FA

EXHIBIT C

June 4, 2007
W. James Young, Esq.
Page 2


cc:     Joseph Norelli /Joseph.Norelli@nlrb.gov
        Anthony S. Graefe/  Graefe@ghemployerlaw.com
        W. James Young/ wjy@nrtw.org
        Dawn Goldstein/ Dawn.goldstein@nlrb.gov
        Scott Wilson /scott@pepperwilson.com'

<u>**JUNE 4, 2007**</u>

Sent via certified mail #70051820000472517195 & E-Mail Graefe@ghemployerlaw.com

Graeme and Hanson Ltd.
Mr. Anthony S. Graefe Esq.
55 West Monroe Street Suite 3550
Chicago, Illinois  60603

Dear Mr. Graefe Esq.:

I trust that you have received several proposed legal motions that will be filed by S.E.I.U. Local 790/1877 as indicated by the proof of service that was forwarded by Mr. Glenn Taubman Esq. to the undersigned on May 25, 2007. Although Mr. Taubman is the attorney of record all correspondences and legal pleadings should also be sent to the petitioner and the undersigned. In addition to Mr. Taubman Esq., the undersigned represents the petitioner as indicated in the most recent correspondence sent by the National Labor Relations Board Region 20 on May 8, 2007.

I assume you are aware that the election has been modified pursuant to the Order and Direction of Election sent June 1, 2007 and absent an order signed by a Federal Judge enjoining the instant proceeding, The Petitioner, counsel, and the undersigned expect that the election as ordered will proceed as directed.

Petitioner served a Proposed Order to Intervene as of Right and Memorandum of Points and Authorities in Support thereof pursuant to Federal Rule of Civil Procedure § 24 (a) (2) in the instant proceeding, case 07-cv-02766-PJH. Please address any correspondences and or legal pleadings to Mr. Taubman Esq. Unfortunately Mr. Taubman has been improperly excluded from the certificate of service(s) attached to various document from the following parties; The Transportation Security Administration ("TSA"), Covenant Aviation Security ("CAS'), The Service Employees International Local 790/1877 ("S.E.I.U. Local 790"), and The National Labor Relation Board Region 20 ("Region 20"). I will send an official correspondence informing same that Mr. Taubman Esq., the undersigned, and the Petitioner must be included in any and all certificates of service(s) accompanying documents.

Pursuant to The Order and Direction of Election issued by Mr. Norrelli, The Regional Director on May 8, 2007, The Excelsior List ("The List") for the instant proceeding was to be furnished on May 16, 2007 and the ballots mailed to all eligible voters on June 04, 2007. Neither Petitioner, the undersigned, nor counsel received same on May 16, 2007 or

**EXHIBIT D**

thereafter. The Petitioner and only the Petitioner received a proposed document requesting an authorized conditional disclosure of The List. Petitioner forwarded the request to the undersigned after the Petitioner spoke with Ms. Jackson, TSA regional representative on May 15. Although several options were discussed regarding the conditional release with the Petitioner, TSA, and Region 20 none were amenable to the Petitioner, counsel, or the undersigned and Petitioner refused to sign this document on May 15, 2007.

Subsequently, through his representative Petitioner presented several Orders and Directions of Elections issued by various regional offices that did not contain any conditional release of The Lists. Additionally, two position statements submitted by TSA through counsel contained no objection to the National Labor Relations Board's assertion of jurisdiction or any qualified release of The List. To this end, the election was rescheduled because The Lists were unavailable to either party and neither party waived their right to access The List. Moreover, an excess of ten days elapsed between furnishing The List and mailing the ballots in accordance with the Order and Direction of Election executed May 8, 2007.

The undersigned spoke with Mr. Peck, Assistant Regional Director ("ARD"), after informing him that the prohibitions presented by Ms. Jackson were antithetical to prior statements presented by TSA and recent Board elections. Mr. Peck on behalf of the Region stressed same in his discussions with TSA which produced the current conditional release of The List signed by the Petitioner and his representative on June 1, 2007, attached hereto as exhibit 1. With the issue resolved, The Region issued a Modified Order and Direction on June 1, 2007. On May 15, 2007 Petitioner was given notice that CAS could not produce The List, however the issue was resolved by June 1, 2007. It took approximately two weeks to reach a solution and this compromise would have materialized much sooner, but for the delayed notice.

The Petitioner through the undersigned objects to the manner in which the events as told unfolded. I am at a loss to understand why it took approximately six weeks commencing, March 30, 2007, the date of the remand from The National Labor Relations Board to Region 20, to formally object to issuance of The List with the qualifications unacceptable to Petitioner on May 15, 2007. The timing of this objection and the conditional release proposed by Ms. Jackson on May 15, 2007 broadsided the Petitioner because there was no prior communication indicating that CAS was unable to comply with the deadline set by The Order and Direction of Election issued May 8, 2007.

Approximately six weeks elapsed between the remand and the first Order and Direction of Election, and yet, CAS and The TSA were incapable of brining the issue to the attention of The Petitioner. As counsel, representing CAS, at prior Petition Stipulation Hearings, CAS knew that it was required to furnish The List as it had, on February 24, 2004 and May 10, 2005, respectively. In other words, it appears that either CAS or The TSA intentionally and or negligently waited to bring this issue to the attention of the Petitioner, Petitioner's counsel, or the undersigned in an effort to stall the election. What other possible reason explains the events as stated? Surely, it not takes two professional

institutions working in close concert on a daily basis six weeks to address an issue of this magnitude, namely, the production of Sensitive Security Information ("SSI").

Perhaps it is CAS's contention that same informed The TSA after the remand was ordered and well in advance of the May 16, 2007 deadline set in the first Order and Direction of Election. With this said, CAS Management had knowledge that same was required to present The List to all the parties specified in the order. If it is CAS's position that TSA was informed after the initial remand that a conflict of laws prevented CAS's ability to furnish The List (The National Security Act and The National Labor Relations Act) sometime between the instant remand and May 15, 2007 please inform the undersigned. As you know the elapsed time between the remand and the present has provided S.E.I.U. Local 790/1877's counsel with much needed time to prepare The Motion for Preliminary Injunction (Clerk's Docket No. 2) and Request for Order to Show Cause (Clerk's Docket No. 6).

It warrants mentioning that the undersigned spoke with Lana Pfeiffer, Board Examiner Region 20, in early April 2007 while preparing for the first of three concealed Petition Stipulation Hearings order by The Region. During my phone conversation with her, she clearly stated that Covenant had informed her that there was a new TSA regulation that would preclude production of The List. I informed same that this new regulation stood in stark contrast with previous regional elections conducted in Kansas City, Missouri and in Rochester N.Y. In other words, CAS by way of a designated representative informed Region 20 that there was a significant issue that would impact this election; thereby Covenant knew far before May 15, 2007 that this issue would need a resolution before Region 20 could conduct any Board Election.

The Petitioner has been significantly prejudiced as a result of the described negligence and or intentional action of either CAS and or The TSA. To this end, Petitioner, the undersigned, and several organizers distributed the flyer attached hereto as Exhibit 2 indicating the dates for the instant election. The cost of the flyers and time spent distributing same were futile because of the actions described herein. Furthermore, Petitioner loses credibility because the original announcement must be rescinded.

For the following reasons, Petitioner through the undersigned request that the following remedial action is taken post haste;

> (1) announce the new date for the election,
> (2) compensate Petitioner for the distribution of the instant flyer(s)
> (3) publish an announcement in the daily guardmounts and or post in a cospicuous places an announcement stating that the election conducted by Region 20 has been rescheduled,
> (4) state in same that a deauthorization enables employees in the bargaining unit to freely choose to financially contribute to S.E.I.U. Local 790 and those that choose not to financially support the union cannot be fired,

(5) This election is conducted for the sole purpose of choosing whether  S.E.I.U.
Local 790 can lawfully require employees to pay dues as a condition of
employment,
(6) A vote favoring removal of the obligation to pay S.E.I.U. Local 790 will not
remove S.E.I.U. Local 790 as the bargaining representative and the collective
bargaining agreement will remain in full force and effect with the exception of the
removal of same,
(6) encourage employees to vote as CAS has in the previous Board elections,
which is all that more important in a deauthorization election, as an absolute
majority of employees must vote to rescind S.E.I.U. Local 790's authority to
collect dues as a condition of employment.

This is not an extraordinary request. After all, in the subsequent elections, CAS held
several town hall meetings at various times discussing the issues and distributed a FAQ
sheet prepared by the Vice President's of Operations (Ms. Pamela Pearson & Mr. Brian
Odell). In countless Covenant Express's and other documents same has stated that it is
Covenant's policy to inform the employees. Additionally, CAS maintained a policy of
encouraging employees to vote. Denying such a request, especially, in these
circumstances would be a clear, sudden, and unexplained change in policy.

In fact, while preparing to write this letter I recently discovered a critical correspondence
sent by Ms. Smith, Covenant's Director of Human Resources. Same sent an e-mail to
Covenant Management dated October 3, 2005; exactly three days after Covenant
recognized S.E.I.U. pursuant to The SFO Card Check Ordinance (M.C. 0000049)
explaining, "I am already getting calls from employees who are upset, especially about
paying union dues. Please let the employees know that effective as of last Friday, S.E.I.U.
is representing them and CAS has recognized this. So that means employees do not have
a choice to paying dues" (emphasis added) "They cannot opt out." The E-Mail is attached
hereto as exhibit 3.

The e-mail is a complete mischaracterization of labor law. There was no collective
bargaining agreement executed between Covenant and S.E.I.U. Local 790 on this date
and the bargaining unit was free to reject any collective bargaining agreement via a secret
ballot. To this end, Ms. Smith, a senior member of Covenant Management, unlawfully
assisted S.E.I.U. Local 790 in its efforts to extract dues from CAS employees violating §
8 (a) (1) & (2) of The National Labor Relations Act. Moreover, Ms. Smith never
informed the employees that same could invoke Beck Objections. As a former employee
at Covenant and Officer of The United Screeners Association Local 1, the majority of
employees believed they had no choice with respect to paying dues despite my efforts to
persuade them otherwise, which was  a direct consequence of Ms. Smith's improper e-
mail that was read repeatedly at guard mounts at all shifts and locations throughout SFO.
Employees were unable to distinguish between the security clause and the actual
Collective Bargaining Agreement ("C.B.A."). In other words employees believed that
they had to pay union dues irregardless of a vote ratifying the CBA containing the
security clause because of this improper e-mail.

4 Of 5

 In light of these facts, I think it is proper to remedy this violation and dispel the perception that Covenant is working in concert with S.E.I.U. by agreeing to Petitioner's modest request stated herein.

I look forward to a prompt response as the election is set. I can be reached at 650. 669. 2170 or via email at Labormaverick@hotmail.com. Thank you for your time.


_____

Jeff Michaelson
Representing Petitioner


cc:  Mr. Joseph P. Norelli the Regional Director, Region 20
     Mr. Glenn M. Taubman Esq.
     Mr. Richard Hermanson Secretary Treasurer U.S.A. Local 1
     Mr. Stephen J. Burke, Jr. Petitioner
     Ms. Lavon Smith Covenant's Director of Human Resources
     Mr. Michael Garcia Anchor President S.E.I.U. Local 790
     Ms. Lana Pfeifer Board Examiner, Region 20
     Mr. Vince Harrington Jr. Esq.

(All sent with enclosures)