W. James Young, Esq.
Glenn M. Taubman, Esq. (*Pro Hac Vice*)
c/o National Right to Work Legal
        Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
Facsimile — (703) 321-9319

Scott A. Wilson, Esq.
California Bar No. 073187
711 8th Avenue, Suite C
San Diego, California 92101
(619) 234-9011
Facsimile — (619) 234-5853

Attorneys For Prospective Defendant-Intervenor

United States District Court
For The Northern District Of California

| | |
|---|---|
| Service Employees International Union, Local 790,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph P. Norelli, Individually, and in his capacity as Regional Director, National Labor Relations Board, Region 20; *et al.*,<br><br>    Defendants,<br><br>and<br><br>Stephen J. Burke, Jr.,<br><br>    Defendant-Intervenor. | Case No. 3:07-cv-2766 PJH<br><br>**Prospective Defendant-Intervenor's Motion To Dismiss Complaint; Joinder In NLRB Defendants' Motion To Dismiss Complaint**<br><br>**Hearing Date**: Wednesday, 27 June 2007<br>**Time**: 9:00 a.m.<br>**Courtroom Of Judge Hamilton**<br>**Courtroom 3, 17th Floor** |

Pursuant to Rule 12(b)(1), (6) and/or 12(c), Fed.R.Civ.P., prospective Defendant-Intervenor Stephen J. Burke, Jr. ("Burke") hereby moves this Court to dismiss the Complaint in this case. Burke also joins in the similar Motion filed by Defendant Joseph Norelli and the other National Labor Relations Board ("NLRB") Defendants. (Clerk's Docket No. 22). Even accepting as true all of the allegations of Plaintiff Service Employees International Union, Local 790's ("Local 790") Complaint,

1  it is clear that no claims exist upon which relief can be granted by this Court, and that this Court lacks
2  jurisdiction over the subject matter of this case.
3  In order to refrain from burdening the Court with any duplicative matter, Burke hereby adopts
4  and incorporates the Motion to Dismiss and the Brief in Support of the Motion to Dismiss filed by the
5  NLRB Defendants. (Clerk's Docket No. 22). Burke adds only the following brief argument in support
6  of his Motion to Dismiss or for Judgment on the Pleadings.

## ARGUMENT

**BECAUSE LOCAL 790'S PLEADINGS DO NOT DEMONSTRATE THAT THE BOARD IS "FLOUTING ... A CLEAR STATUTORY COMMAND" IN ALLOWING BURKE'S DEAUTHORIZATION ELECTION TO PROCEED, *TEAMSTERS LOCAL 690 v. NLRB*, 375 F.2D 966, 971 (9TH CIR. 1967), THIS COURT LACKS JURISDICTION TO HALT THAT ELECTION, AND THE COMPLAINT THEREFORE STATES NO COGNIZABLE CLAIM FOR RELIEF.**

In this action, Local 790 seeks to overturn and enjoin an NLRB decision in favor of Burke, who with his fellow employees seeks to "deauthorize" an unpopular forced-unionism clause imposed upon their bargaining unit by Local 790's collective bargaining agreement. *Covenant Aviation Security, LLC*, 349 N.L.R.B. No. 67 (30 Mar. 2007); **see also** 29 U.S.C. § 159(e). In *Covenant Aviation Security*, the Board agreed that Burke's deauthorization petition was valid, and ordered Region 20 in San Francisco to process the petition and hold the requested election. Local 790 is dissatisfied with and/or fears the Board's decision, and filed this case to enjoin the NLRB from conducting the deauthorization election. It is important to note that Local 790 filed no direct appeal of the Board's decision in *Covenant Aviation Security* because Congress did not create a right to do so. Congress intended that parties to NLRB elections accept as final the Board's electoral decisions. *Boire v. Greyhound Corp.*, 376 U.S. 473, 476-77, 481 (1964), *citing AFL v. NLRB*, 308 U.S. 401 (1940).

Thus, in order to state a claim in its extraordinary and unprecedented lawsuit, Local 790 must show that the NLRB acted *ultra vires*, in clear violation of its statutory authority, by ordering Burke's deauthorization election to proceed. *Leedom v. Kyne*, 358 U.S. 184 (1958). The face of the Complaint, even taken as true, shows that the union cannot meet this burden under *Leedom* and its progeny. **See** *Metal & Steel Chauffeurs, Teamsters Local 714 v. Madden*, 343 F.2d 497 (7TH CIR. 1965) (federal court has no jurisdiction to enjoin a deauthorization election); *Teamsters Local 690 v.*

1  *NLRB*, 375 F.2d 966, 971 (9TH CIR. 1967).

2    As the Board explained in its carefully reasoned decision in Burke's case, *Covenant Aviation Security* at 1, its construction of § 9(e) of the NLRA, 29 U.S.C. § 159(e), is eminently fair and reasonable. In no way can that construction of the statute's "30% showing of interest" requirement be considered to be "flouting of a clear statutory command." *Teamsters Local 690*; *Metal & Steel Chauffeurs, Teamsters Local 714 v. Madden*.

    As the Board explained in *Covenant Aviation Security*, at 1, the sole legal issue in this case is whether the 30% "showing of interest" needed to support a deauthorization election under 29 U.S.C. § 159(e) may predate the execution of the contract containing the "union security" provision. Since the statute is silent about that specific question, the Board is free to interpret the statute as it sees fit, and it violates no "clear statutory mandate" by simply construing the silent statute in a way that effectuates employees' right to hold a secret ballot election. Thus, the face of the union's pleadings shows no possibility that the Board was "flouting . . . a clear statutory command," *Teamsters Local 690*, 375 F.2d at 971; *Madden*, 343 F.2d at 500, when it issued its decision in *Covenant Aviation Security*. As such, this Court has no jurisdiction under the narrow exception of *Leedom*, and the relief sought by Local 790's Complaint — the enjoining of the deauthorization election — cannot be granted as a matter of law.

    In short, the game is "up" for Local 790 on the merits of its Complaint. That Complaint confesses that "this is a matter of 'first impression' involving statutory interpretation of a significant provision of the National Labor Relations Act, 29 U.S.C. § 159(e)(1). . . ." (Clerk's Docket No. 1, ¶ 38.) It is black-letter law that, even where a question of interpretation of the NLRA is legitimately before a court, the court must defer to the Board's reasonable interpretation of the statutory text. *American Hospital Ass'n v. NLRB*, 499 U.S. 606, 614 (1991); *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. and Constr. Trades Council*, 485 U.S. 568, 574 (1988); **see also** *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). Here, the NLRB's interpretation of a statute that requires at 30% showing of interest, but is silent as to the timing of that showing of interest, is neither *ultra vires* nor clearly erroneous as a matter of fact or law. To the contrary, that interpretation is an eminently fair and reasonable effort to effectuate employees' rights

1  under the NLRA.

2

3                                    **CONCLUSION**

4     Wherefore, the Court should grant this Motion to Dismiss Complaint, as well as the similar

5  Motion filed by Joseph Norelli and the other NLRB Defendants.

6  DATED: 6 June 2007

7                                            Respectfully submitted,

8                                            /s/ W. James Young

9                                            W. JAMES YOUNG, Esq.
                                             GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
10                                           c/o National Right to Work Legal
                                                  Defense Foundation, Inc.
11                                           8001 Braddock Road, Suite 600
                                             Springfield, Virginia  22160
12                                           (703) 321-8510
                                             FACSIMILE — (703) 321-9319
13
                                             SCOTT A. WILSON, Esq.
14                                           California Bar No. 073187
                                             711 8th Avenue, Suite C
15                                           San Diego, California 92101
                                             (619) 234-9011
16                                           FACSIMILE — (619) 234-5853

17                                           ATTORNEYS FOR DEFENDANT-INTERVENOR

18

19
                                                          F:\Burke.CA\Dismiss\Joinder.wpd
20                                                        Wednesday, 6 June  2007, 20:55:4 PM

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, W. James Young, counsel for Prospective Defendant-Intervenor, hereby certify that I electronically filed with the Clerk of Court the foregoing **Prospective Defendant-Intervenor's Motion to Dismiss Complaint; Joinder in NLRB Defendants' Motion to Dismiss Complaint,** using the CM/ECF system which will send notification of such filing to Defendants' counsel, this 6th day of June, 2007.

                                                    /s/ W. James Young
                                                       W. JAMES YOUNG