1  VINCENT A. HARRINGTON, JR., Bar No. 071119
   DAVID A. ROSENFELD, Bar No. 058163
2  ERIC M. BORGERSON, Bar No. 177943
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

6  Attorneys for Plaintiff
   Service Employees International Union, Local 790
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 SERVICE EMPLOYEES INTERNATIONAL    ) No.   C07-2766 PJH
   UNION, LOCAL 790                   )
12                                    )
              Plaintiff,               )
13                                    )
        v.                            )
14                                    )
   JOSEPH P. NORELLI, Individually, and in his ) MEMORANDUM OF POINTS AND
15 capacity as Regional Director, NATIONAL ) AUTHORITIES IN SUPPORT OF
   LABOR RELATIONS BOARD, REGION 20;  ) MOTION FOR TEMPORARY
16 ROBERT J. BATTISTA, Individually and in ) RESTRAINING ORDER PENDING
   his Capacity as Chairman and Member of the ) SCHEDULED HEARING ON MOTION
17 NATIONAL LABOR RELATIONS BOARD;    ) FOR PRELIMINARY INJUNCTION,
   PETER N. KIRSANOW, Individually, and in ) SET FOR JUNE 27, 2007
18 his Capacity as a Member, NATIONAL )
   LABOR RELATIONS BOARD; DENNIS P.   ) Date:
19 WALSH, Individually, and in his Capacity as a )
   Member, NATIONAL LABOR RELATIONS   ) Time:
20 BOARD; WILMA B. LIEBMAN, Individually, )
   and in her Capacity as a Member of the ) Judge:
21 NATIONAL LABOR RELATIONS BOARD;    )
   PETER CARY CHAUMBER, Individually, and ) Courtroom:
22 in his Capacity as a Member, NATIONAL )
   LABOR RELATIONS BOARD,             )
23                                    )
                                      )
24             Defendants.            )
                                      )
25 _____)

26

27

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

MEMORANDUM OF P & A IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION AND SUMMARY

Plaintiff Service Employees International Union, Local 790 (hereinafter "Local 790" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Temporary Restraining Order Pending Scheduled Hearing On Motion For Preliminary Injunction, Set For June 27, 2007, filed concurrently herewith.

As discussed herein, Plaintiff is requesting a TRO for a very brief period to maintain the status quo between the parties pending a previously scheduled hearing on an Order to Show Cause Why Preliminary Injunction Should Not Issue, signed by the Honorable Phyllis Hamilton on June 1, 2007, before her three-week leave from the court. Defendants have issued a written notice of their intent to undertake the disputed action beginning June 22, 2007, a mere five days before Judge Hamilton returns to preside over the Show Cause Hearing she ordered.

A dispute exists between Local 790 and Defendants regarding whether the National Labor Relations Board ("NLRB") acted in excess of its jurisdiction by violating a clear statutory prohibition, codified in National Labor Relations Act (hereinafter "NLRA") § 9(e)(1), 29 U.S.C. § 159(e)(1), when it ordered a secret-ballot election based on a petition to "de-authorize" a union security clause contained within a collective bargaining agreement between Local 790 and Covenant Aviation Security, LLC (hereinafter "Employer" or "Covenant"), which petition was prematurely filed, and was not supported by signatures of employees who were subject to a collective bargaining agreement containing a union security clause at the time the signatures were gathered.

The Board's Decision and Order, in which it ordered the disputed election to proceed, was dated March 20, 2007, in NLRB Case No. 20-UD-445, reported as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67 ("NLRB Decision and Order") and is attached to the Complaint for Declaratory and Injunctive Relief which initiated this case.

Upon request by Plaintiff and the filing of a Motion for Preliminary Injunction and supporting papers, an Order to Show Cause Why Preliminary Injunction Should Not Issue was signed by the Honorable Phyllis Hamilton on June 1, 2007, scheduling a hearing on Plaintiff's

WEINBERG, ROGER & ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1
MEMORANDUM OF P& A IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Motion for Preliminary Injunction on June 27, 2007. Since that time, by stipulation between the parties hereto, Defendants Motion to Dismiss is also scheduled for hearing on June 27 before Judge Hamilton.

Subsequent to issuance of the Order to Show Cause, the NLRB announced that it will proceed with the disputed election beginning June 22, 2007, at which time it will mail out ballots to affected bargaining unit members.

It is respectfully submitted for the reasons set forth herein and based on the papers already on file with the Court, that a Temporary Restraining Order should issue enjoining Defendants from conducting the disputed election until its legality can be determined at the scheduled hearing before Judge Hamilton, a mere five days after the date set for the election by the NLRB. Absent such an order from this Court, irreparable harm will result because Plaintiff will be forced to commence a costly and disruptive campaign against de-authorization, Plaintiff will have its resources diverted from critical representational work on behalf of hundreds of other employees, and the affected employees will be subjected to a disruptive and highly controversial election which they know is the subject of a heated legal dispute. In contrast, defendants would suffer no harm whatsoever if the election were delayed a few days so that Judge Hamilton could make an informed decision regarding whether the Board possesses the jurisdiction to order the disputed election.

Plaintiff has means by which to obtain review of the Board's *ultra vires* action in this case other than by this court's general jurisdiction in equity. Taken as a whole, the facts and law applicable to this case clearly warrant issuance of a TRO to briefly suspend the disputed election in this matter until Judge Hamilton has an opportunity to rule on whether the Board had jurisdiction to order that the election proceed.

## II.   FACTS

Based on Plaintiff's Complaint for Declaratory Relief, Request for Order to Show Cause, Motion for Preliminary Injunction, and related supporting papers filed with this Court on May 25, 2007, which are incorporated herein by reference as though fully set forth, the Honorable Phyllis J. Hamilton issued an Order to Show Cause Why Preliminary Injunction Should Not Issue on June 1, 2007, and set the matter for a hearing on June 27, 2007 at 9:00 a.m. This was the earliest date

WEINBERG, ROGER &
ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

2

MEMORANDUM OF P& A IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Judge Hamilton could hear Plaintiff's Motion for Preliminary Injunction because she is on leave from the court until that date.

At the time Judge Hamilton issued the Order to Show Cause, the election had been temporarily suspended because the Employer was unable to produce an "Excelsior" list of employees eligible to vote in the election due to opposition to the release of such a list by the Transportation Security Administration on national security grounds. See Rosenfeld Declaration at ¶ 5.

Immediately subsequent to Judge Hamilton issuing the Order to Show Cause, the NLRB issued a notice that the Excelsior list issue had been resolved and that the election would commence by mailing of the ballots on June 22, 2007. Rosenfeld Declaration at ¶ 20, Exhibit A.

Plaintiff has endeavored in good faith since prior to filing of the Complaint and other papers in this matter to avoid burdening the court with a Motion for Temporary Restraining Order by, *inter alia*, attempting to secure agreement from the NLRB and, upon the request of the NLRB, from the attorneys representing the proposed Intervener herein, to briefly delay the disputed election until the matter could be heard on a Motion for Preliminary Injunction.

To that end, on May 24, 2007, while the election was temporarily suspended due to the Excelsior list issue and prior to filing of Plaintiff's Complaint, Motion for Preliminary Injunction, and supporting papers, Plaintiff's counsel secured the agreement of NLRB attorney Dawn Goldstein to have Plaintiff's Motion for Preliminary Injunction heard by Judge Hamilton at her earliest convenience, which turned out to be June 27, 2007, upon her return from leave. See Declaration of David Rosenfeld In Support of Temporary Restraining Order, filed concurrently herewith, at ¶ 6.

On May 31, 2007, while the unresolved Excelsior list issue was still pending, Plaintiff's counsel asked counsel for the NLRB to delay mailing of the ballots for the election until Judge Hamilton could rule. Ms Goldstein informed Plaintiff's counsel that the NLRB would agree to delay the election only if the individual who filed the de-authorization petition was agreeable. See Rosenfeld Declaration at ¶ 14. Plaintiff's counsel requested such agreement from counsel for the proposed Intervener, but the request was flatly rejected. See Rosenfeld Declaration at ¶¶ 17-18.

WEINBERG, ROGER &
ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

3
MEMORANDUM OF P& A IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

When Defendants filed their Motion to Dismiss and sought a stipulation from Plaintiff's counsel to a shortened briefing schedule so that the Motion to Dismiss could be heard on June 27, 2007, with Plaintiff's Motion for Preliminary Injunction, Plaintiff again requested that mailing of the ballots be delayed until Judge Hamilton could rule on the merits of the request for injunctive relief. Counsel for the NLRB rejected that request. Despite that rejection, Plaintiff's counsel agreed to the stipulation to have all the matters heard together on June 27, 2007, by Judge Hamilton.

The NLRB Defendants and counsel for the proposed Intervener have thus obstinately refused to agree to a reasonable delay. Instead, they have set upon exploiting Judge Hamilton's absence in order to prevent the Judge from having an opportunity to rule on Plaintiff's Motion for Preliminary Injunction before irreparable harm is inflicted by conducting the election which Plaintiff has argued at length is statutorily prohibited and, therefore, beyond the Board's jurisdiction to order.

### III. ARGUMENT

A. **A TEMPORARY RESTRAINING ORDER SHOULD ISSUE, BRIEFLY ENJOINING DEFENDANTS FROM CONDUCTING THE DISPUTED ELECTION UNTIL JUDGE HAMILTON HAS AN OPPORTUNITY TO RULE IN THE SCHEDULED PRELIMINARY INJUNCTION HEARING.**

As set forth in detail in Plaintiff's Memorandum of Points and Authorities In Support of Preliminary Injunction, Plaintiff's invocation of this Court's original jurisdiction in equity is proper because, as argued in the papers on file with the Court, Defendants collectively as the NLRB have acted in excess of the Board's jurisdiction by violating a clear statutory prohibition and Plaintiff has no other means by which to obtain relief for resulting harm it has suffered and continues to suffer. (See *National Association of Agriculture Employees v. Federal Labor Relations Authority*, 473 F.3d 983, 988, fn 5 (9th Cir. 2007) (hereinafter "*National Association of Agricultural Employees*"); *Bays v. Miller*, 524 F.2d 631 (9th Cir. 1975) (hereinafter "*Bays*"); *Leedom v. Kyne*, 358 U.S. 184 (1958) (hereinafter "*Leedom*".)

Judge Hamilton has reviewed Plaintiff's Verified Complaint, Motion for Preliminary

WEINBERG, ROGER & ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

4
MEMORANDUM OF P& A IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Injunction, Memorandum of Points and Authorities in Support of Preliminary Injunction, other supporting papers, and has also reviewed the papers submitted by the NLRB in opposition to Plaintiff's Motion for Preliminary Injunction. After reviewing those documents, Judge Hamilton found Plaintiff's Motion sufficiently meritorious to grant an Order to Show Cause Why Preliminary Injunction Should Not Issue, scheduling a hearing on Plaintiff's Motion for June 27, 2007.

Plaintiff has endeavored throughout these proceedings to minimize the burden on the court and the disruption to the parties engendered by these proceedings by seeking to have the legality of the Board's action determined on a motion for preliminary injunction, rather than by way of a TRO.

Defendants have forced this dispute into an emergency, however, by stubbornly refusing to agree to a very short, reasonable delay in the disputed election. Despite the fact that there are only *five days* between the date the election is set to commence and the date of the hearing on Plaintiff's Motion for Preliminary Injunction, Defendants have refused to wait until Judge Hamilton returns.

Plaintiff respectfully submits that Defendants are attempting to improperly exploit Judge Hamilton's absence to conduct a legally spurious election without judicial oversight, despite their knowledge that Judge Hamilton found objections to it sufficiently meritorious to demand that Defendants appear in court to defend their action. This Court must halt Defendants' rush to avoid judicial scrutiny of their actions by issuing a TRO barring them from proceeding with the election until Judge Hamilton has an opportunity to hear argument and issue her ruling.

**B.    PLAINTIFF WILL SUFFER IMMEDIATE AND IRREPARABLE HARM IF THE COURT DOES NOT ENJOIN THE DE-AUTHORIZATION ELECTION UNTIL JUDGE HAMILTON CAN REVIEW THE INJUNCTION PAPERS AND HEAR ORAL ARGUMENT.**

As noted *supra*, NLRB Regional Director Norelli, pursuant to the Board's Decision and Order at issue herein, has ordered an election based on the invalid de-authorization petition to commence June 22, 2007. (Rosenfeld Declaration at ¶ 20.) Time is therefore of the essence.

If the election based on the Board's *ultra vires* Order is not stopped immediately, Local

WEINBERG, ROGER & ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

5
MEMORANDUM OF P& A IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

1877[1] will be forced to divert substantial resources and personnel to immediately conduct a campaign against de-authorization in time for the invalid election. (See Declaration of Jamie Thompson in Support of Preliminary Injunction ("Thompson Dec.") at ¶ 2.) Up to ten Local 1877 staff employees will be forced to work full-time for likely upwards of two weeks in order to conduct a campaign relative to the imminent election. (*Id.* at ¶¶ 2, 4.)

The diversion of resources that would be necessitated by the unlawful election in this case would have a profound impact on the operations of Local 1877 and employees it represents at the airport. Negotiations are underway between Local 1877 and other employers at the airport regarding two Collective Bargaining Agreements, one of which is expired. (*Id.* at ¶ 3.) The staff that would be required to conduct a campaign against de-authorization are already fully engaged in collective bargaining with these other employers. The diversion of those employees to the election campaign would have a substantial, irremediable negative impact on hundreds of employees whose terms and conditions of employment are being forged through the pending negotiations. (*Ibid.*)

There would be no means by which to recover the tremendous expense, nor to secure compensation for the severe administrative burdens resulting from having to assign a large number of Local 1877 staff to an election campaign. Nor would there be any means by which to recover the losses in representation of Local 1877 members that would result from the diversion of the Union's staff to grapple with the unlawful election at issue herein. (*Id.* at ¶ 5.)

Serious disruption will result if this election is allowed to proceed, resulting, *inter alia*, from the unavoidable occurrence of campaigning at employee work places at the airport. (*Id.* at ¶7.) There is a small but resolute group pursuing the de-authorization initiative, and they will undoubtedly campaign at various areas within the airport. (*Ibid.*) Local 1877 staff will be forced to campaign in the airport against de-authorization. (*Id.*) It will unavoidably be the case that such campaigning will be disruptive of the workforce and that employees will carry on arguments regarding the election not only in non-work areas, but at their workstations. (*Id.*)

---

[1] SEIU Local 790 is the local union that represents the employees affected by this case and which litigated the issues herein before the NLRB. However, Local 1877 is the affiliated entity that is servicing the employees at the airport who would be affected by the election in this case. (Declaration of Jamie Thompson in Support of Preliminary Injunction, at ¶ 1.)

Such disruption will be particularly problematic for this workforce because airport security officers are not allowed to talk about anything at their work posts other than their job duties while using security equipment at security checkpoints. (*Id.* at ¶ 9.) If the contentious issues surrounding an unlawful election arise, it will naturally cause employees to discuss those issues at their work stations, which is not permitted, and which could result in widespread disruption and disciplinary action against such employees. (*Ibid.*) It would be unjust and irremediable if employees were placed in such jeopardy and incurred such injuries based on the ordering of an election which was beyond the jurisdiction of the NLRB and prohibited by the NLRA.

In addition, the pendency of this potential, unlawful election has caused workers to be uncertain regarding their union-security obligations under the collective bargaining agreement that now governs their employment. (*Id.* at ¶ 8.) Unless this court promptly resolves this issue, these questions will continue to arise. (*Ibid.*) Employees will thus increasingly have questions regarding whether they are required to comply with the union security obligations set forth in their Collective Bargaining Agreement. (*Id.*) Under the terms of that agreement and the NLRA, if the employees do not comply, they are subject to being discharged. (*Id.*)

As Defendants and the proposed Intervener (whose position should not affect these proceedings at all) have obstinately refused to agree to a short, reasonable delay so that the merits of the Board's action can be reviewed, and have set upon exploiting Judge Hamilton's absence in hopes of implementing the Board's Decision and Order without regard to whether it was issued within the Board's jurisdiction, Plaintiff will suffer irreparable harm if a TRO does not issue immediately. This is an eminently reasonable request, consistent with the approach Plaintiff has taken since before the Complaint was filed. There should be a reasoned adjudication of the disputed issues herein. It is for the court, not Defendants, and certainly not proposed Intervener, to determine whether the Board had jurisdiction to order the disputed election. Yet, Defendants and proposed Intervener are attempting to divest the court of its authority to determine the fate of the election by sneaking it in before the court returns to address the legality of the Board's action.

WEINBERG, ROGER & ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

7
MEMORANDUM OF P& A IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

**C.  NEITHER DEFENDANTS NOR PROSPECTIVE INTERVENER WILL SUFFER ANY HARM IF THE TRO IS GRANTED.**

The NLRB has presided over a nearly year-and-a-half delay in proceeding with this election prior to issuance of the Board's Decision and Order that is challenged herein. In contrast to the severe disruption and expense, as well as the irreversible legal violation that will occur if the election is allowed to proceed five days before its legality is determined, delaying the election will cause no harm to Defendants or to proposed Intervener. This matter has been pending since the de-authorization petition was first filed January 11, 2006. Five days delay until a hearing on the Motion for Preliminary Injunction and enough time for the judge to rule will result in no costs, no loss of time, no irreparable harm of any kind because if the judge denies Plaintiff's Motion for Preliminary Injunction, the election can proceed forthwith. Granting Plaintiff five days' delay in order to hold Defendants to the hearing date to which they agreed is a minimal remedy in comparison to the year and a half of delay the Board has unilaterally imposed during the pendency of its review of this matter.

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully requested that:

1. A temporary restraining order issue enjoining the Board from conducting the disputed de-authorization election until Judge Hamilton has ruled on Plaintiff's Motion for Preliminary Injunction after the hearing scheduled for June 27, 2007;

2. The court order any other remedy it deems just and proper; and

Dated: June 7, 2007

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation
            Vincent A. Harrington, Jr.
            David A. Rosenfeld
            Eric M. Borgerson

By: /s/ 
DAVID A. ROSENFELD
Attorneys for Plaintiff
Service Employees International Union, Local 790

116046/459562