VINCENT A. HARRINGTON, JR., Bar No. 071119
DAVID A. ROSENFELD, Bar No. 058163
ERIC M. BORGERSON, Bar No. 177943
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff
Service Employees International Union, Local 790

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as Regional Director, NATIONAL LABOR RELATIONS BOARD, REGION 20; ROBERT J. BATTISTA, Individually and in his Capacity as Chairman and Member of the NATIONAL LABOR RELATIONS BOARD; PETER N. KIRSANOW, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; DENNIS P. WALSH, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; WILMA B. LIEBMAN, Individually, and in her Capacity as a Member of the NATIONAL LABOR RELATIONS BOARD; PETER CARY SHAUMBER, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD,<br><br>Defendants. | No.  C07-2766 PJH<br><br>**NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER PENDING SCHEDULED HEARING ON MOTION FOR PRELIMINARY INJUNCTION, SET FOR JUNE 27, 2007**<br><br>Date:<br>Time:<br>Judge: |

To DEFENDANTS JOSEPH P. NORELLI, Regional Director, NATIONAL LABOR RELATIONS BOARD ("NLRB"), REGION 20; ROBERT J. BATTISTA, Chairman and Member of the NLRB; PETER N. KIRSANOW, Member of the NLRB; DENNIS P. WALSH, Member of

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

MOTION FOR TEMPORARY RESTRAINING ORDER

the NLRB; WILMA B. LIEBMAN, Member of the NLRB; PETER CARY SHAUMBER, Member of the NLRB, and their attorney(s), Notice having already been given by telephonic message and electronic mail message to Nancy Platt Esq., FURTHER NOTICE IS HEREBY GIVEN that, today, June 7, 2007, PLAINTIFF SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790 ("Local 790") will move the above-entitled Court for a Temporary Restraining Order under Fed.R.Civ.P. 65, restraining and enjoining you, your officers, agents, servants, employees and attorneys, and all those in active concert or participation with you from: conducting a de-authorization election pursuant to the Decision and Order of the NLRB, dated March 20, 2007, in NLRB Case No. 20-UD-445, reported as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67 (hereinafter "NLRB Decision and Order"). Plaintiff will request that the Temporary Restraining Order be effective immediately upon its execution by the Court and remain in effect until the Honorable Judge Phyllis J. Hamilton has ruled on Plaintiff's pending Motion for Preliminary Injunction after the Show Cause Hearing she scheduled for June 27, 2007, by issuing the Order to Show Cause Why Preliminary Injunction Should Not Issue on June 1, 2007.

The grounds for Plaintiff's motion are that there is currently pending before Judge Hamilton a dispute between Plaintiff and Defendants regarding whether the NLRB Decision and Order and any action to implement it constitute actions beyond the jurisdiction of the NLRB because they are in violation of a clear and mandatory statutory prohibition set forth at Section 9(e)(1) of the National Labor Relations Act, 29 U.S.C. § 159(e)(1). Based upon moving papers and legal argument submitted by Plaintiff, Judge Hamilton has issued an Order to Show Cause Why a Preliminary Injunction Should Not Issue restraining and enjoining Defendants from taking any action to conduct a de-authorization election pursuant to the NLRB Decision and Order. Judge Hamilton is away from the court for three weeks. Consequently, the earliest date she could schedule a hearing on the Order to Show Cause was June 27, 2007, at 9:00 a.m., which is when the matter is scheduled to be heard.

An original suit in equity under the general jurisdiction of the above-entitled Court under 28 U.S.C. § 1337(a), is proper where, as here, the Decision and Order of the NLRB violated a clear

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -
MOTION FOR TEMPORARY RESTRAINING ORDER

statutory prohibition and was, therefore, in excess of the Board's jurisdiction, to the harm of the Plaintiff, and there is no adequate means by which to obtain judicial review of the Board's action. (See *National Association of Agriculture Employees v. Federal Labor Relations Authority*, 473 F.3d 983, 988, fn 5 (9th Cir. 2007); *Bays v. Miller*, 524 F.2d 631 (9th Cir. 1975); *Leedom v. Kyne*, 358 U.S. 184 (1958).)

Defendants, despite being aware of the pendency and scheduled hearing date for Plaintiff's Motion for Preliminary Injunction, have announced in writing an intent to mail out de-authorization election ballots on June 22, 2007, pursuant to the Decision and Order of the NLRB. See Declaration of David Rosenfeld in Support of Temporary Restraining Order, filed concurrently herewith, at ¶ 20, Ex. A. In so doing, Defendants are exploiting the delay in the scheduled hearing regarding Plaintiff's Motion for Preliminary Injunction occasioned by Judge Hamilton's absence.

Plaintiff has stipulated to the scheduling of Defendants' Motion to Dismiss to be heard on the same date and at the same time scheduled for the hearing on Plaintiff's Motion for Preliminary Injunction. Rosenfeld Dec., ¶ 22. Defendants have not reciprocated that reasonable, professional courtesy by briefly delaying the de-authorization election until Judge Hamilton has an opportunity to hear argument regarding whether an injunction should issue and to rule on Plaintiff's and Defendants' respective motions.

Plaintiff will suffer irreparable harm if the Court does not enjoin further action by Defendants because Plaintiff has no other remedy at law and, if an election based on the de-authorization petition is allowed to take place, contrary to law, will face violation of its rights under the NLRA, substantial costs and extreme administrative and organizational burdens associated with campaigning against the unlawful de-authorization proposal, disruption of its members' workplace resulting from the competing campaigns and controversy surrounding the conducting of an unlawful election, and will unjustifiably and unlawfully face potential jeopardy to its ability to fulfill its functions as hundreds of employees' chosen collective bargaining representative. See Declaration of Jamie Thompson in Support of Preliminary Injunction, on file with this Court.

As argued in the Memorandum of Points and Authorities in Support of Preliminary

- 3 -
MOTION FOR TEMPORARY RESTRAINING ORDER

1  Injunction, Plaintiff has a substantial likelihood of prevailing on the merits of its claim against
2  Defendants because the plain language of NLRA §9(e)(1), 29 U.S.C. § 159(e)(1), case law
3  construing it, and the legislative history of the provision make clear that the NLRB is prohibited
4  from conducting a de-authorization election unless it is based on a petition signed by 30 percent of
5  the members of a bargaining unit at a time when they are covered by an agreement containing an
6  union security clause. It is undisputed that the signatures gathered in support of the petition at
7  issue herein were collected two or more months before any tentative agreement was ratified and,
8  indeed, a month before contract negotiations even began. The petition itself was filed before any
9  agreement was in effect. Those fatal deficiencies are not cured by the subsequent re-filing of the
10 same petition, because the petition is not supported by signatures of individuals who were covered
11 by an agreement containing a union security clause.

12      Defendants, who delayed the election at issue herein for nearly a year and a half prior to
13 ruling on it, will suffer no harm as a result of delaying the election for a mere five days until the
14 Show Cause Hearing and whatever additional time is needed for Judge Hamilton to rule on
15 Plaintiff's Motion for Preliminary Injunction. No ballots have been mailed and the election can
16 proceed if the judge finds it lawful. Moreover, Defendants' Motion to Dismiss will be heard at the
17 same time as Plaintiff's Motion for Preliminary Injunction, so Defendants' interests and legal
18 positions will be fully addressed by the Court a mere five days after the currently scheduled date
19 for the election.

20      Nor will the individual who filed the de-authorization petition be harmed by the very short
21 delay in the election. This matter has been pending since January 11, 2006, when the unlawful
22 petition was first filed. A further delay of a few days to ensure that employees in the affected
23 bargaining unit are not subjected to an election that is beyond the NLRB's jurisdiction to conduct
24 will cause no appreciable harm to anyone.

25 ///
26 ///
27 ///
28 ///

WEINBERG, ROGER &
ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -
MOTION FOR TEMPORARY RESTRAINING ORDER

1   Plaintiff's motion is based on this Notice, the supporting Memorandum of Points and
2   Authorities filed concurrently herewith, the Declaration of David A. Rosenfeld filed concurrently
3   herewith, all other papers on file with the court in this matter, and such other oral or written
4   materials as the Court deems just and proper.
5   Dated: June 7, 2007

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation
           Vincent A. Harrington, Jr.
           David A. Rosenfeld
           Eric M. Borgerson

By: /s/ David A. Rosenfeld
DAVID A. ROSENFELD
Attorneys for Plaintiff
Service Employees International Union, Local 790

13  116046/459205

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -
MOTION FOR TEMPORARY RESTRAINING ORDER