VINCENT A. HARRINGTON, JR., Bar No. 071119
DAVID A. ROSENFELD, Bar No. 058163
ERIC M. BORGERSON, Bar No. 177943
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff
Service Employees International Union, Local 790

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as Regional Director, NATIONAL LABOR RELATIONS BOARD, REGION 20; ROBERT J. BATTISTA, Individually and in his Capacity as Chairman and Member of the NATIONAL LABOR RELATIONS BOARD; PETER N. KIRSANOW, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; DENNIS P. WALSH, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; WILMA B. LIEBMAN, Individually, and in her Capacity as a Member of the NATIONAL LABOR RELATIONS BOARD; PETER CARY CHAUMBER, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD,<br><br>Defendants. | No.   C07-2766 PJH<br><br>DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER PENDING SCHEDULED HEARING ON MOTION FOR PRELIMINARY INJUNCTION, SET FOR JUNE 27, 2007 |

I, David A. Rosenfeld, declare the following based on personal knowledge except where my assertions are specified to be based on information and belief:

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER

1. I am a shareholder in the law firm of Weinberg, Roger & Rosenfeld, attorneys of record for Plaintiff Service Employees International Union Local 790 ("Local 790") in the above-captioned case.

2. I respectfully submit this Declaration in Support of Plaintiff's Motion for Temporary Restraining Order Pending Scheduled Hearing on Motion for Preliminary Injunction, Set for June 27, 2007. Through its motion and supporting papers, Plaintiff asks this Court to issue a TRO to very briefly preserve the status quo between the parties pending a previously scheduled hearing on Plaintiff's Motion for Preliminary Injunction, set by the Honorable Phyllis Hamilton when she signed an Order to Show Cause Why Preliminary Injunction Should Not Issue on June 1, 2007, immediately prior to commencing her three-week leave from the court. Defendants have issued a written notice of their intent to undertake the disputed action beginning June 22, 2007, a mere five days before Judge Hamilton returns to preside over the Show Cause Hearing she ordered.

3. At issue in the above-captioned case is an Order of the National Labor Relations Board ("NLRB") dated March 20, 2007, in NLRB Case No. 20-UD-445, reported as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67 ("NLRB Decision and Order").

4. The NLRB Decision and Order orders an election to take place among security employees in a bargaining unit represented by Local 790 and employed by Covenant Aviation Security, LLC ("Covenant") under a contract with the federal Transportation Security Administration ("TSA"), based on a petition to de-authorize the union security agreement contained in the Collective Bargaining Agreement between Local 790 and Covenant.

5. On May 1, 2007, NLRB Region 20 Regional Director Joseph P. Norelli issued a written notice, announcing that a secret-ballot de-authorization election would commence on June 4, 2007, with the mailing of ballots to members of the bargaining unit represented by Local 790.

6. Shortly thereafter, the at-issue de-authorization election was suspended briefly due to the fact that Covenant representatives were unable to produce an "Excelsior" list of bargaining unit members to the NLRB because TSA opposed production of that list by Covenant on national

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -
DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER

security grounds.

7. On or about May 24, 2007, I spoke with Dawn Goldstein, an attorney with the special litigation unit of the office of the NLRB General Counsel. Ms. Goldstein informed me that the NLRB did not, at that time, know exactly when the de-authorization election could be expected to proceed due to the Excelsior list issue but that they expected the Excelsior list issue to be resolved quickly and the election to proceed forthwith.

8. Ms. Goldstein further informed me that the NLRB would agree to a hearing on an Order To Show Cause Why Preliminary Injunction Should Not Issue either the week of May 29, 2007, or as soon thereafter as the court can hear the matter, providing adequate time for service of Plaintiff's moving papers and for service and filing of Defendants response and Plaintiff's reply.

9. On May 25, 2007, Plaintiff filed with the U.S. District Court for the Northern District of California the following documents:

- Verified Complaint for Declaratory and Injunctive Relief;
- Request for Order to Show Cause Why Preliminary Injunction Should Not Issue;
- Declaration of David A. Rosenfeld in Support of Request for Order to Show Cause Why Preliminary Injunction Should Not Issue;
- Proposed Order to Show Cause Why Preliminary Injunction Should Not Issue;
- Motion for Preliminary Injunction;
- Declaration of Jamie Thompson in Support of Motion for Preliminary Injunction;
- Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction;
- Request for Judicial Notice;
- Proposed Order and Preliminary Injunction.

10. On May 31, 2007, counsel for the NLRB filed with this Court the following documents:

- Notice of Appearance
- Response of National Labor Relations Board to Plaintiff's Request for Order to Show Cause and In Opposition to Preliminary Injunction.

WEINBERG, ROGER &
ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER

11. I am informed and believe that, on May 31, 2007, our office was advised by a law clerk to Judge Hamilton that the Judge had reviewed Plaintiff's papers and was prepared to sign the proposed Order to Show Cause Why Preliminary Injunction Should Not Issue, but that the Judge would be gone for three weeks and the earliest date the matter could be heard would be June 27, 2007.

12. I contacted Ms. Goldstein on May 31, 2007, to ask that the NLRB delay mailing ballots for the de-authorization election until after Judge Hamilton had an opportunity to hear argument on June 27, 2007, and issue her ruling on Plaintiff's Motion for Preliminary Injunction.

13. I am informed and believe that Ms. Goldstein discussed our request for delay of the election with Defendant Joseph P. Norelli.

14. I also spoke with Defendant Joseph P. Norelli on May 31, 2007. Mr. Norelli agreed that, if the Excelsior list issue were resolved, he would give 7 days advance notice before the list would be produced and that, under NLRB rules, the parties would have an additional 10 days to campaign before the ballots would be mailed out for the de-authorization election. Since Judge Hamilton would be back on June 27, 2007, this meant that, even if the list were produced the day following my conversation with Mr. Norelli (June 1, 2007), the election could not begin until at least June 18, 2007, only 9 days before the Judge's return. Thus, it was clear that, if the Excelsior list issue were to be resolved prior to Judge Hamilton's return, only a short delay would be required in order to avoid irreparable harm to Plaintiff pending Judge Hamilton's ruling on Plaintiff's Motion for Preliminary Injunction.

15. I am informed and believe that Ms. Goldstein informed our office via telephone on May 31, 2007, that the NLRB would agree to delay the election until the Judge had an opportunity to rule on Plaintiff's Motion to Intervene, provided the individual who filed the de-authorization petition with the NLRB giving rise to the dispute at issue herein, Stephen J. Burke, agreed to the delay of the election. At the time of this conversation, the petitioner to whom Ms. Goldstein referred had not yet made an appearance in this matter. Consequently, Ms. Goldstein advised our office to directly contact his representative, Screeners Association Local 1 representative Jeffrey

WEINBERG, ROGER & ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER

Michaelson.

16. I am informed and believe that our office attempted to contact Mr. Michaelson via telephone and e-mail on May 31, 2007, to ask that he agree to the delay in mailing of the ballots for the de-authorization election until after Judge Hamilton ruled on the injunction motion.

17. On June 1, 2007, attorneys Glenn Taubman and W. James Young, counsel for the National Right To Work Legal Defense Foundation, Inc., on behalf of Stephen J. Burke, the Screeners Association Local 1 member who filed the de-authorization petition that gave rise to the dispute at issue herein, filed the following documents with the Court:

- Notice of Appearance;
- Application to Appear Pro-Hac Vice;
- Answer to Plaintiff's Complaint;
- Motion to Intervene;
- Response to Plaintiff's Order to Show Cause and Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction;
- Motion to Shorten Time and Set Hearing on Motion to Intervene.

18. I am informed and believe that, on May 31 and June 1, 2007, our office requested of W. James Young, Esq., that he agree on behalf of his client to a brief delay in mailing of the de-authorization election ballots until Judge Hamilton had an opportunity to rule on Plaintiff's Motion for Preliminary Injunction.

19. On June 1, Mr. Young stated his client had no objection to the hearing on Plaintiff's Motion for Preliminary Injunction being scheduled for June 27, 2007, but that "under no circumstances" would he or his client agree to delay the de-authorization election.

20. On June 1, 2007, after reviewing Plaintiff's moving papers and the opposing papers filed by the NLRB, Judge Hamilton issued an Order to Show Cause Why Preliminary Injunction Should Not Issue, commanding the NLRB to appear before the Court on June 27, 2007, at 9:00 a.m.

21. Later in the day on June 1, 2007, our office received via facsimile a letter from Defendant Joseph P. Norelli stating that the Excelsior list issue had been resolved and that the employer was

WEINBERG, ROGER &
ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -
DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER

1  to submit to NLRB Region 20 a list of employees eligible to participate in the de-authorization election by June 8, 2007, and that ballots would be mailed out on June 22, 2007. A true and correct copy of that letter is attached hereto as Exhibit A.

22. On June 4, 2007, I am informed and believe that our office requested of counsel for the NLRB that the NLRB delay mailing of the ballots in the disputed election until Judge Hamilton had time to hear Plaintiff's Motion for Preliminary Injunction. I am further informed and believe that counsel for the NLRB rejected that request.

23. On June 5, 2007, the NLRB Defendants filed a Motion to Dismiss. On behalf of my client, I stipulated to the scheduling of that motion to be heard with Plaintiff's Motion for Preliminary Injunction on June 27, 2007 at 9:00 by Judge Hamilton and to a shortened briefing schedule to accommodate the matter being heard on that date.

24. On June 6, 2007, our office filed an Opposition to the Motion for Leave to Intervene and to the Motion to Shorten Time filed by Messrs. Taubman and Young. The grounds for that opposition were that the proposed Intervener's interests were more than adequately represented by the NLRB defendants and their counsel; counsel for the proposed Intervener refused to produce the proposed Intervener for deposition in order for Plaintiff to examine his level of his interest in this litigation and the extent to which his purported interest in this litigation is already adequately represented by the NLRB Defendants and their counsel; and other correspondence cast doubt on whether counsel who filed the motion to intervene actually represented the proposed Intervener, indicated the proposed Intervener also was represented by an official of the Screeners Association Local 1, and raised questions as to what person(s) or entity/entities actually were seeking to intervene and whether such person(s) or entity/entities had any legitimate interest in this litigation.

25. Currently, Plaintiff's Motion for Preliminary Injunction, the NLRB's opposition to that motion, and the NLRB's Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief are all scheduled to be heard at 9:00 a.m. on June 27, 2007, by Judge Hamilton.

26. Today, I am informed and believe, our office contacted counsel for the NLRB, Nancy Platt, Esq., and notified her via voice mail (202-273-2937) at or around 1:00 p.m. Pacific Standard Time,

WEINBERG, ROGER &
ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -
DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER

and via email (Nancy.Platt@nlrb.gov), that we would be filing a motion for Temporary Restraining Order today. Counsel for the NLRB was on notice that we expected to file a TRO motion if the NLRB stated an intent to proceed with the challenged election prior to the hearing on June 27, 2007.

27. As this matter is subject to the Court's electronic filing system, this Declaration and the documents filed herewith are simultaneously being served on counsel for the NLRB Defendants and counsel for the proposed Intervener. Thus, all parties and the purported interested individual have received actual notice of this Motion for TRO.

I declare the foregoing based on personal knowledge under penalty of perjury under the laws of the United States of America. Executed this 7th day of June, 2007, at Alameda, California.

DAVID A. ROSENFELD

116046/459236

WEINBERG, ROGER & ROSENFELD
Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 7 -
DECLARATION OF DAVID A. ROSENFELD IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER



**NATIONAL LABOR RELATIONS BOARD**

Region 20

901 Market Street, Suite 400
San Francisco, California 94103

Telephone: 415/356-5152
FAX: 415/356-5156
Website: www.nlrb.gov

June 1, 2007

| | |
|---|---|
| LaVon Smith, Director of Operations<br>Covenant Aviation Security LLC<br>245 South Spruce Avenue<br>South San Francisco, CA 94080-4520 | Anthony S. Graefe, Esq.<br>Graefe & Hansen, Ltd.<br>55 West Monroe, Suite 3550<br>Chicago, IL 60603 |
| Stephen J. Burke, Jr.<br>3661 Fleetwood Drive<br>San Bruno, CA 94066 | Jeff Michaelson, Representative<br>3661 Fleetwood Drive<br>San Bruno, CA 94066 |
| Service Employees International Union, Local 790<br>350 Rhode Island Street, Suite 100 South<br>San Francisco, CA 94103 | Vincent A. Harrington, Esq.<br>Weinberg Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501 |

Re: Covenant Aviation Security, LLC
    Case 20-UD-447

Gentlepersons:

On May 9 (all dates refer to 2007) I scheduled a secret-ballot election to begin on June 4 to determine whether bargaining unit employees of the Employer, Covenant Aviation Security, LLC, wish to withdraw the authority of Service Employees International Union, Local 790, under its agreement with Covenant, to require that employees make certain lawful payments to the Union in order to retain their jobs. In addition to setting the date for the election, I directed that the Employer furnish a voter eligibility list so that I could provide it to the other parties at least ten full days in advance of the election. Concerns raised by the Transportation Security Administration (TSA) delayed the Employer from providing that list on a timely basis. As of June 1, I have yet to receive the list, and neither Petitioner nor Local 790 waived its right to have the list prior to the election. Accordingly, I hereby postpone the election that was to begin on June 4.

It now appears, however, that the prerequisites that TSA established for disclosure of the list have been satisfied, and that TSA will soon authorize the Employer to furnish it. In these circumstances, and pursuant to Section 9(e)(1) of the National Labor Relations Act, as amended, and Section 102.85 of the Board's *Rules and Regulations*, Region 20 will conduct an election by secret ballot. For the reasons stated in my May 9 letter on this subject, I have decided to conduct the election by mail. Region 20 will mail a ballot to each eligible employee on June 22. The ballot will be due back in the Regional Office by 5:00 p.m. on July 6. The ballots will be commingled and counted in this office at 10:00 a.m. on July 9.

# EXHIBIT A

In order to ensure that eligible voters who exercise their statutory right to vote may have an opportunity to be informed about related issues, all parties to the election must have access to a list of such voters and their addresses. *Excelsior Underwear, Inc.*, 156 NLRB 1236; *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759. Accordingly, I direct the Employer to submit to me by **June 8, 2007**, a clearly legible list that sets forth the names and addresses of all eligible voters. I shall, in turn, make that list available to the other parties to the election. No extension of time to file this list may be granted except in extraordinary circumstances. Failure to comply with this requirement shall provide the ground to set aside the election if a proper objection is timely filed. The Employer should alphabetize the names of the eligible voters, and if at all possible, should also submit mailing labels for use by this office for the employees whom it lists.

The Employer must post the corresponding Notice of Election in a conspicuous place or places that are easily accessible to the employees involved. Pursuant to Section 103.20 of the Board's *Rules and Regulations*, the Employer must post the Notice at least **three (3) full working** days prior to 12:01 a.m. on the day of the election. In this matter, because ballots will be mailed on Friday, June 22, the Employer must post the Notice no later than Monday, June 18, 2007. We shall provide an appropriate number of the Notice of Election to the Employer, with a copy to each other party, well in advance of June 18.

If you have any questions, please contact this Regional Office at the telephone number above.

Very truly yours,



Joseph P. Norelli
Regional Director