1   W. James Young, Esq.
    Glenn M. Taubman, Esq. (*Pro Hac Vice*)
2   c/o National Right to Work Legal
          Defense Foundation, Inc.
3   8001 Braddock Road, Suite 600
    Springfield, Virginia  22160
4   (703) 321-8510
    Facsimile — (703) 321-9319
5
    Scott A. Wilson, Esq.
6   California Bar No. 073187
    711 8th Avenue, Suite C
7   San Diego, California 92101
    (619) 234-9011
8   Facsimile — (619) 234-5853

9   Attorneys For Defendant-Intervenor

10  _____

          United States District Court
11        For The Northern District Of California

12

13  Service Employees International Union,          Case No. 3:07-cv-2766 PJH
    Local 790,
14                                                  Prospective Defendant-
                                                    Intervenor's Opposition To
15          Plaintiff,                              Plaintiff's Motion For A
                                                    Temporary Restraining Order
16  v.
                                                    Hearing Date:
17  Joseph P. Norelli, Individually, and in his     Time:
    capacity as Regional Director, National         Courtroom Of
18  Labor Relations Board, Region 20; *et al.*,

19          Defendants.

20

21          Plaintiff Service Employees International Union, Local 790 ("Local 790") has filed for a

22  Temporary Restraining Order ("TRO").  Docket Nos.  28-31.  Prospective Defendant-Intervenor

23  Stephen J. Burke, Jr. ("Burke") hereby opposes that Motion.  In so doing, Burke adopts the

24  Memorandum in Opposition filed by Defendants.  Docket No. 32.  Burke will not reiterate those

25  points, so as not to further burden the Court regarding Local 790's frivolous and wasteful Motion for a

26  TRO.  As Burke and Defendants have demonstrated in their prior filings (Docket Nos. 14, 17, 22, and

27  26), no TRO or preliminary injunction is warranted in this case because this Court has no jurisdiction,

28  and the only thing left for the Court to do is dismiss the case with prejudice.

1    However, Burke does have something new and additional to say, and will address two of Local

2    790's specific claims: (1) that Local 790 (or some stranger SEIU local union) will suffer "irreparable

3    injury" if it has to run an election campaign to oppose the deauthorization election that Burke has

4    sought; and (2) that Local 790's interest in stopping the election takes precedence over Burke's interest

5    or the public interest in conducting the election.

6

7         A.    Local 790 (Or Some Stranger SEIU Local) Is Suffering No Irreparable Injury.

8    The notion that running an election campaign in an NLRB-sanctioned secret ballot election

9    could ever serve as "irreparable injury" is absurd. Indeed, the union's arguments and declarations in

10   support prove precisely that this case is "all about money" for Local 790, nothing more. Burke and his

11   fellow employees have money, in the form of compelled dues that the union is now contractually

12   entitled to extract. Burke and his supporters are seeking *via* the deauthorization election to stop that

13   flow of compulsory dues money, as expressly permitted by 29 U.S.C. § 159(e). Local 790 wants that

14   compelled money, and will stop at virtually nothing to get it, including filing frivolous lawsuits to

15   interfere with a duly-authorized NLRB election. That is the sum and substance of this case from Local

16   790's point of view, and that is what Local 790's request for a TRO is all about. Local 790's litigious

17   fight to continue its compelled dues stream is the antithesis of "irreparable injury." No matter how

18   much high-minded rhetoric Local 790 may employ to make this case sound like a major clash of legal

19   principles, for Local 790 it is just about the dues money, nothing more.

20   Attached hereto as Exhibit A is the Declaration of Stephen J. Burke, Jr. In it, Burke describes

21   how he and his supporters have been seeking this deauthorization election — as is their right under 29

22   U.S.C. § 159(e) — for over one and one-half years. During that entire period, Local 790 has opposed

23   them, hired lawyers to fight their appeal to the NLRB, and, more importantly, campaigned against

24   them among the workers at Covenant Aviation Security. Attached to Burke's Declaration are flyers

25   that the union has circulated among the employees. Some of those flyers were circulated over a year

26   ago, and some are more recent. The notion that Local 790 (or some stranger local union) will now

27   suffer irreparable injury if it must print and distribute more flyers like these would be laughable if it

28   were not pitiful. Local 790 has already been campaigning against this deauthorization election for over

1   one and one-half years, so why is there now a sudden burst of "irreparable injury"?  The answer is,

2   presumably, that Local 790 fears that it will lose the deauthorization election and that its compulsory

3   dues stream will end.  But the mere loss of money is the antithesis of "irreparable injury."

4       Would an employer be allowed to argue that it was "irreparably injured" by having to divert its

5   resources and capital to campaign against union certification?  That it was too busy running its

6   business or negotiating contracts with overseas customers to have to be bothered with running an

7   election campaign under the NLRA?  Such notions are preposterous, as is Local 790's claim that

8   having to run an election campaign for a few weeks until the election is concluded is "irreparable

9   injury."

10

11  **B.    Burke And His Supporters Are Suffering Direct Injury Every Day Their Election
          Is Delayed.**

12

13      Burke's declaration demonstrates the difficulties that Burke and his co-workers face in

14  communicating with each other, because they work at San Francisco International Airport as security

15  screeners, in a 900-employee bargaining unit.  These employees work in "24/7" shifts at all different

16  locations around the airport, and many never see each other because they work on different shifts and

17  different schedules.  It has been a logistical nightmare for them to collect signatures, run a campaign,

18  and communicate with each other about the time and place of the impending deauthorization election.

19  Every time there is a delay, or a new time and place for the election to occur, they must attempt to

20  distribute new flyers and spread the word to employees in a widely dispersed bargaining unit.  This is

21  an administrative nightmare for them.  Thus, each additional delay is a huge burden on Burke and his

22  deauthorization supporters.  But that is precisely what Local 790 seeks from this Court.  Local 790

23  knows that these employees cannot readily communicate with each other, and it is using/abusing this

24  Court's processes to further delay and disadvantage Burke and his co-workers as they try to run a

25  smooth and effective election campaign.  This Court should recognize Burke's interests, and the public

26  interests in NLRB secret-ballot elections, and refuse to serve as an assistant in Local 790's scorched

27  earth campaign to halt the election.

28      Indeed, both the NLRB Regional Director and the Board have recognized the communication

1    difficulties faced by the employees in this diverse unit.  In part, these very difficulties impelled the
2    Board to allow the employees to begin collecting signatures for their "30% showing of interest" prior
3    to the contract going into effect.  *Covenant Aviation Security*, 349 NLRB No. 67 (30 March 2007), at
4    4-5.  The NLRB recognized that it would take months for Burke and his supporters to effectively
5    communicate with each employee in the unit.  Thus, the stopping and starting of this election will only
6    make it impossible for Burke and his supporters to communicate with their fellow employees about the
7    time and place of the election, greatly hindering their rights to self-organization under Sections 7 and
8    9(e) of the NLRA, 29 U.S.C. §§ 157 and 159(e).
9         As of now, the mail ballot election is scheduled to go forward beginning in late June.  Any
10   delay by this Court will be a huge hindrance to Burke and his supporters as they try to run a fair
11   campaign and communicate with their supporters.  The Court must not condone Local 790's dilatory
12   and unfair tactics.
13
14                                    CONCLUSION
15        Wherefore, prospective Defendant-Intervenor Stephen J. Burke, Jr. asks this Court to
16   summarily deny Local 790's Motion for a Temporary Restraining Order.
17   DATED: 11 June 2007
18                                    Respectfully submitted,
19                                    /s/ W. James Young
20                                    W. JAMES YOUNG, Esq.
                                      GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
21                                    c/o National Right to Work Legal
                                         Defense Foundation, Inc.
22                                    8001 Braddock Road, Suite 600
                                      Springfield, Virginia  22160
23                                    (703) 321-8510
                                      FACSIMILE — (703) 321-9319
24
25                                    SCOTT A. WILSON, Esq.
                                      California Bar No. 073187
                                      711 8th Avenue, Suite C
26                                    San Diego, California 92101
                                      (619) 234-9011
27                                    FACSIMILE — (619) 234-5853
28                                    ATTORNEYS FOR DEFENDANT-INTERVENOR

1

CERTIFICATE OF SERVICE

I, W. James Young, counsel for Prospective Defendant-Intervenor, hereby certify that I

electronically filed with the Clerk of Court the foregoing **Prospective Defendant-Intervenor's**

**Motion to Dismiss Complaint; Joinder in NLRB Defendants' Motion to Dismiss Complaint,**

using the CM/ECF system which will send notification of such filing to Defendants' counsel, this 11th

day of June, 2007.

_____/s/ W. James Young_____

W. JAMES YOUNG

H:\WP\California Cases\Burke.CA\TRO\Opposition.wpd
Monday, 11 June 2007, 11:27:23 AM