1  W. JAMES YOUNG, Esq.
   GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
2  c/o National Right to Work Legal
           Defense Foundation, Inc.
3  8001 Braddock Road, Suite 600
   Springfield, Virginia  22160
4  (703) 321-8510
   FACSIMILE — (703) 321-9319
5
   SCOTT A. WILSON, Esq.
6  California Bar No. 073187
   711 8th Avenue, Suite C
7  San Diego, California 92101
   (619) 234-9011
8  FACSIMILE — (619) 234-5853

9  ATTORNEYS FOR DEFENDANT-INTERVENOR

10 ────────────────────────────────────────

            UNITED STATES DISTRICT COURT
11       FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13 
   SERVICE EMPLOYEES INTERNATIONAL UNION,        CASE NO. 3:07-cv-2766 PJH
14 LOCAL 790,
                                                 **PROSPECTIVE DEFENDANT-**
15         Plaintiff,                            **INTERVENOR'S REPLY TO PLAINTIFF'S**
                                                 **OPPOSITION TO HIS MOTION FOR**
16 v.                                            **LEAVE TO INTERVENE AND MOTION TO**
                                                 **SHORTEN TIME**
17 JOSEPH P. NORELLI, Individually, and in his
   capacity as REGIONAL DIRECTOR, NATIONAL       **HEARING DATE:** Wednesday, 11 July
18 LABOR RELATIONS BOARD, REGION 20; *et al.*,   2007
                                                 **TIME:**  9:00 a.m.
19         Defendants.                           **COURTROOM OF JUDGE HAMILTON,**
                                                 **COURTROOM 3, 17TH FLOOR**
20

21         Plaintiff Service Employees International Union, Local 790 ("Local 790") has filed an

22 Opposition (Docket No. 25), to Stephen J. Burke, Jr.'s ("Burke") Motion to Intervene.  (Docket No.

23 11).  Burke hereby replies.

24         Local 790's Opposition is striking for its failure to cite a single case supporting it, and its

25 failure to respond to a single controlling case establishing Burke's entitlement to intervention as of

26 right.  *Automobile Workers Local 283 v. Scofield*, 382 U.S. 205 (1965).  Instead, Local 790 relies

27 solely upon obfuscation and outright falsehoods to muddy the waters and misdirect the Court.  All of

28 this will likely end as a "tempest in a teapot" given that this Court will have little choice at the hearing

1   on 27 June 2007, to deny Local 790's Motion for a Preliminary Injunction and (if heard on that date)

2   grant Defendants' Motions to Dismiss Local 790's legally-untenable complaint.  But notwithstanding

3   the merits (or demerits) of Local 790's lawsuit, it is clear as a matter of fact and law that Burke has the

4   right to intervene in this lawsuit under Rule 24 (a), FED.R.CIV.P.  Local 790's failure to cite a single

5   case or discuss any of the issues actually related to Burke's Motion to Intervene is itself grounds to

6   grant the Motion.  But, as we will now show, Local 790's obfuscation and factual misrepresentations

7   only serve to highlight the validity of Burke's Motion to Intervene.

8

9   **I.    LOCAL 790 SAYS NOTHING THAT UNDERCUTS BURKE'S RIGHT TO INTERVENE.**

10          Unlike Local 790, which prefers to ignore the case law and the specific requirements of Rule

11  24, FED.R.CIV.P., Burke explicitly relies upon the face of Rule 24 in making his Motion.  Thus, this

12  Reply will specifically track the requirements of Rule 24.

13

14          **A.    Burke's Motion is Timely.**

15          Local 790 does not dispute the timeliness of Burke's Motion to Intervene, or mention this

16  factor in its Opposition.  Given the speed with which Burke filed this Motion, one can only assume

17  that Local 790 is simply trying to rid itself of a skilled and determined opponent in this case, and

18  silence the voice of a worker that does not support it.

19

20          **B.  Burke's Interest in This Matter is Direct and Substantial.**

21          Local 790 does not dispute that Burke is the deauthorization petitioner in the underlying NLRB

22  case, or that it is his election that it seeks to enjoin.  *Covenant Aviation Security, LLC*, 349 NLRB No.

23  67 (30 March 2007).  Without Burke's petition and appeal to the NLRB from the Regional Director's

24  initial dismissal, this case would never have existed.  (**See** Docket No. 1, Ex. 1, Regional Director's

25  Dismissal).  As shown in his Motion to Intervene, Burke has a both a statutory right to file for a

26  deauthorization election under 29 U.S.C. § 159(e) and a pecuniary interest in cutting off the dues

27  collections compelled by an unpopular and unresponsive labor union.  Local 790 does not actually

28  dispute Burke's interest, nor can it.

1  Instead, Local 790 makes unfounded allegations about Burke's identity and the undersigned

2  attorneys who represent him in this federal court case. But as Burke's accompanying Declaration (**see**

3  Exhibit A) shows, he is the sole petitioner in the NLRB election case, he is the sole intervenor in this

4  case, and he has designated the undersigned attorneys as his sole legal representatives in this federal

5  case. There can be no dispute about these facts.

6  Local 790 obfuscates these simple facts by implying that Burke's former co-worker Jeff

7  Michaelson may also be his representative in this case, and that there may be something sinister or

8  untoward underlying Burke's actual identity. According to Local 790, "it is unclear what person(s) or

9  entity/entities actually is/are seeking intervention and who represents that/those person(s) or

10  entity/entities." Docket 24, p. 3. But these innuendos and purported "facts" are only unclear in the

11  mind of Local 790 and its imaginative counsel.

12  As Burke's Declaration shows, and as Local 790 well knows from the face of the Motion to

13  Intervene, Burke (a natural person) is the sole intervenor in this case. The undersigned attorneys are

14  Burke's sole attorneys and representatives in this federal court case. Jeff Michaelson (a non-party and

15  non-intervenor) was Burke's non-attorney lay representative in the NLRB, a forum in which non-

16  attorneys are permitted to serve as lay representatives of parties.

17  In this federal court case, Burke is the sole intervenor and it is only the undersigned attorneys

18  who represent him. **See** Burke Declaration. Jeff Michaelson plays no role whatsoever in **this** federal

19  court case. Moreover, Local 790's contrived "factual disputes" about Burke's identity and that of his

20  counsel are irrelevant in any event because the factual allegations stated in his Motion to Intervene

21  must be taken as true and correct. **See** *Southwest Center for Biological Diversity v. Berg,* 268 F.3d

22  810, 819 (9TH CIR. 2001) ("[A] court is required to accept as true the non-conclusory allegations made

23  in support of an intervention motion").

24  Finally, Local 790 blatantly misrepresents the truth when it claims that it sent a Notice of

25  Deposition to Mr. Burke and that the undersigned counsel ignored that Notice of Deposition and failed

26  to produce their "purported client" as scheduled. **See** Declaration of David Rosenfeld, Docket No. 25,

27  page 4, ¶ 10, claiming that "Mr. Young never responded to my letter and neither Mr. Burke no any

28  counsel on his behalf appeared at our office at the time and place noticed for Mr. Burke's deposition";

1   see also Local 790 Opposition, Docket 24, p. 3.  As the accompanying Declaration of counsel

2   demonstrates, Mr. Rosenfeld's assertions are false if not malicious.  Counsel for Mr. Burke responded

3   promptly to **all** phone calls, letters and "entreaties" from Mr. Rosenfeld or his office, and fully

4   explained to them that: (1) Local 790 does not have even a colorable claim to depose Burke at this

5   early stage; and (2) Burke's counsel had not the slightest obligation to produce him on the two

6   business days notice that Mr. Rosenfeld had "generously" allotted.  **See** Declaration of W. James

7   Young, Exhibit B hereto. Moreover, Burke's counsel invited Mr. Rosenfeld to tell him what "factual

8   disputes" existed so that the parties could stipulate to those facts, but Mr. Rosenfeld did not respond to

9   that request.  *Id*.  Instead, Mr. Rosenfeld apparently was content to offer his contrived fictions in lieu

10  of actual, undisputed (and indisputable) facts.

11

12          **C.       Burke's Interest Will be Impaired by an Improper Decision in this Case.**

13          Local 790 concedes that it is trying to stop Burke's deauthorization election, and does not

14  dispute the fact that his statutory right to an election and his pecuniary interest in not paying dues to an

15  unwanted union will be destroyed – not just impaired – if the union wins its case.

16

17          **D.       Burke's Interest May Not Be Adequately Represented by the Parties to the Action.**

18          Local 790 claims that Burke has no right to intervene because the NLRB is raising defenses

19  similar to his and will fully protect his rights.  But the union does not cite or discuss the cases cited in

20  Burke's Motion, which hold that he need only show that "representation of his interest 'may be'

21  inadequate; and the burden of making that showing should be minimal."  *Trbovich v. United Mine*

22  *Workers*, 404 U.S. 525, 538 n.10 (1972) (citation omitted); **see also** *Forest Conservation Council*, 66

23  F.3d at 1498 ("[I]t is sufficient to show that representation may be inadequate").

24          The NLRB Defendants represent the interests of the public at large, not the particular interests

25  of Burke and his co-workers who have long sought this deauthorization election.  The Ninth Circuit

26  recognized the importance of this distinction in *Forest Conservation Council*, noting that the

27  "government must represent the broad public interest," not that of a particular subgroup, and where the

28  intervenor has an interest not identical to that of the public at large, the government's representation of

1  the "more narrow, parochial interests" of the intervenor may not be adequate.  66 F.2d at 1489.  Thus,

2  in *Forest Conservation Council*, the Ninth Circuit held that the district court erred by not granting

3  intervention in a case already being defended by the United States Forest Service because the

4  intervenors had a narrower interest than the public.

5      Here, neither the NLRB Members nor public at large are being forced to pay dues to an

6  unwanted labor union.  Nor has the NLRB or the public at large exercised their personal rights under

7  § 159(e) to file for a deauthorization election to stop dues collections by an unwanted union.  Burke

8  has done these things, not the NLRB or the public at large. The NLRB Defendants have their own

9  personal and institutional interests at stake in this case, as shown by Local 790's inexplicable decision

10  to sue the NLRB members in their individual capacities.  The NLRB is protecting its election

11  processes and its Members who have been sued, but those interests are not necessarily congruent in

12  every respect with Burke's interest.

13      Indeed, union counsel David Rosenfeld's own words show that divergent litigation strategies

14  have already occurred in this case between Burke and the NLRB, thus proving that the NLRB may not,

15  in fact, always be protecting his interests.  **See** Docket No. 30, Declaration of David Rosenfeld, pp. 4-

16  5, and compare ¶¶ 15 and 19.  Mr. Rosenfeld states that the NLRB was prepared to "agree to delay the

17  election" as part of its litigation strategy of dealing with this lawsuit, but that Burke's counsel stated

18  that "'under no circumstances' would he or his client agree to delay the de-authorization election."

19  This proves that there have already been circumstances in which the NLRB's litigation strategy may

20  differ from Burke's, and this difference in strategy is more than enough to meet the "minimal

21  showing" that Burke must make to intervene in this case.  *Trbovich*, 404 U.S. at 538 n. 10; *Automobile*

22  *Workers Local 283 v. Scofield*, 382 U.S. 205 (1965) (individual employees have the right to intervene

23  in appellate proceedings concerning the unfair labor practice charges they initiated with the NLRB).

24  For all we know, the NLRB might one day decide to settle this case or further change its legal strategy,

25  without any obligation to consult with Burke or take his personal interest into account.  In the face of

26  all of this, Local 790 simply refuses to accept that Burke has met this "minimal showing" requirement.

27

28

1  **II.    EVEN IF NOT ENTITLED TO INTERVENTION AS OF RIGHT, PERMISSIVE INTERVENTION IS**
2  **APPROPRIATE HERE.**

3      In the alternative, Local 790 does not seriously rebut the argument that Burke should be

4  permitted to intervene pursuant to Rule 24(b), FED.R.CIV.P., which allows permissive intervention

5  "when an applicant's claim or defense and the main action have a question of law or fact in common."

6  Rule 24(b)(2), FED.R.CIV.P.  Burke clearly meets this requirement, and Local 790 has shown no

7  prejudice to it if this Court exercises discretion under Rule 24(b) and grants the Motion to Intervene.

8

9  **III.    CONCLUSION**

10      Local 790's opposition to the Motion to Intervene is likely to be a "tempest in a teapot" given

11  that this Court will have little choice at the hearing on 27 June 2007, but to deny Local 790's Motion

12  for a Preliminary Injunction and/or grant the Defendants' Motions to Dismiss the Complaint.

13  Nevertheless, Burke has the right to intervene in this lawsuit under Rule 24 (a) or (b), FED.R.CIV.P.,

14  and the Court should grant his Motion so that he can participate in all aspects of this case.  *Automobile*

15  *Workers Local 283 v. Scofield*, 382 U.S. 205 (1965).

16  DATED: 8 June 2007

17                                          Respectfully submitted,

18                                          /s/ W. James Young

19                                          W. JAMES YOUNG, Esq.
                                            GLENN M. TAUBMAN, Esq. (*Pro Hac Vice*)
20                                          c/o National Right to Work Legal
                                                    Defense Foundation, Inc.
21                                          8001 Braddock Road, Suite 600
                                            Springfield, Virginia  22160
22                                          (703) 321-8510

23                                          SCOTT A. WILSON, Esq.
                                            California Bar No. 073187
24                                          711 8th Avenue, Suite C
                                            San Diego, California 92101
25                                          (619) 234-9011
                                            Facsimile — (619) 234-5853
26
                                            ATTORNEYS FOR PROSPECTIVE DEFENDANT-
27                                          INTERVENOR

                                            H:\WP\California Cases\Burke.CA\Intervention\Reply.wpd
                                            Monday, 11 June  2007, 13:49:55 PM
28

CERTIFICATE OF SERVICE

I, W. James Young, counsel for Prospective Defendant-Intervenor, hereby certify that I electronically filed with the Clerk of Court the foregoing **Prospective Defendant-Intervenor's Reply to Plaintiff's Opposition to His Motion for Leave to Intervene and Motion to Shorten Time,** using the CM/ECF system which will send notification of such filing to Defendants' counsel, this 11th day of June, 2007.

_____/s/ W. James Young_____


W. JAMES YOUNG
