## W James Young

| | |
|---|---|
| **From:** | W James Young |
| **Sent:** | Friday, June 01, 2007 9:05 PM |
| **To:** | DRosenfeld@unioncounsel.net; Katrina Shaw |
| **Cc:** | vharrington@unioncounsel.net; Goldstein, Dawn; Glenn M. Taubman; scott@pepperwilson.com |
| **Subject:** | Your Notice of Deposition |

Dear David:
I am in receipt of your Notice of Deposition, by which you attempt to schedule the deposition of my client on Wednesday, 6 June. Your notice was apparently transmitted at 7:21 E.D.T. (4:21 P.D.T.), after the close of business on the East Coast, with the intention that it not be received by either Mr. Burke's counsel or by Defendants' counsel until two days before the scheduled deposition.
Let me first respond by observing that the notion that we would allow you to depose our client on four days' notice is ... optimistic. Let me further note that, were we so inclined, it is impossible in any case, as Mr. Burke's counsel is not available on the date set, or on any date in the next two weeks. Indeed, I would be surprised if you could procure a court reporter on such short notice.
Finally, you might want to consider taking a refresher course on the Federal Rules of Civil Procedure, with particular attention to Rule 26(d). Rule 26(d) provides, in pertinent part, that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) "
Should the Court deny our impending Motion to Dismiss, we will --- of course --- comply with the Federal Rules of Civil Procedure and the Court's Scheduling Order, when one is issued.
Very truly yours,
W. James Young
Counsel for Stephen J. Burke, Jr.

## W James Young

**From:** W James Young
**Sent:** Monday, June 04, 2007 10:04 PM
**To:** DRosenfeld@unioncounsel.net
**Cc:** Glenn M. Taubman; Joseph.Norelli@nlrb.gov; graefe@ghemployerlaw.com; dawn.goldstein@nlrb.gov; scott@pepperwilson.com; vharrington@unioncounsel.net
**Subject:** FW: SEIU Local 790 v. Norelli, et. al.

Dear Mr. Rosenfeld:

I am in receipt of your e-mailed correspondence of 4 June 2007, wherein you claim the extraordinary "need" to depose Mr. Burke, on two business days notice, regarding his "level of interest' in this case.

Mr. Burke's "level of interest" in this case is obvious from both a factual and legal point of view, and is spelled out quite clearly in his moving papers and the underlying decisions of the Regional Director and the NLRB. As you well know, Mr. Burke is the Petitioner in the NLRB deauthorization election that your client is trying desperately to halt. We will stipulate to that; indeed, we have alleged such in our Motion to Intervene. He wishes to intervene to support and uphold the NLRB's underlying decision in his favor in his case, Covenant Aviation Security, 349 NLRB No. 67 (2007). We will stipulate to that too. Thus, there exists no "factual" inquiry that any reasonable person could seek regarding Mr. Burke's Motion to Intervene or his "interest in this case." Under Auto Workers v. Scofield, 382 U.S. 205 (1965), it is abundantly clear as a matter of law that Mr. Burke has an absolute right to intervene in support of his election petition. Perhaps you would be willing to tell us what mysterious "facts" you wish to uncover about Mr. Burke's "level of interest," and we can stipulate to them.

In any event, we have no intention of allowing you to violate Rule 26(d), Fed.R.Civ.P., to which you were referred in the prior e-mail correspondence. You simply have no right, or even a colorable claim, to take a grossly premature deposition in this case. Rather, given the fact that Mr. Burke is a longtime opponent of your client and a supporter of a rival labor union, it is clear that your interest in deposing him lies much more in harassing him and driving up his litigation and personal costs (I well remember your refusal to agree to settle a Board charge some years ago until I had already traveled to San Francisco for the scheduled trial, boldly proclaiming your intention in that regard) than in uncovering any disputed "factual" issues. Your assertion that "the deposition would not take long" only bolsters the notion that you are seeking to waste the time of Mr. Burke, the NLRB counsel, the undersigned, and the Court, since irrelevant depositions that are searching for non-existent "facts" often do not take long.

Finally, given your client's animosity towards Mr. Burke and your actions not only in this case but in many others, we decline the offer to expose our client to your tactics in your offices while we are on the telephone 3,000 miles away.

Again, we urge you to stop burdening the Court with frivolous oppositions, to act professionally, and to simply consent to Mr. Burke's motion to intervene (as the NLRB has already done). Mr. Burke will not be appearing in your office on 6 June 2007, based upon what we know so far from your letters and from the Notice of Deposition that was sent on two business days notice. Of course, please feel free to inform the Court of our refusal to acquiesce to your frivolous, burdensome, and mis-timed demand. Should your "need" to depose Mr. Burke be so great, we have little doubt that you will have any trouble persuading the Court to direct that Mr. Burke appear for such a deposition, notwithstanding the requirements of Rule 26(d), Fed.R.Civ.P.

Very truly yours,
W. James Young
Counsel for Stephen J. Burke, Jr.

---

**From:** Katrina Shaw
**Sent:** Mon 6/4/2007 3:56 PM
**To:** Joseph.Norelli@nlrb.gov; graefe@ghemployerlaw.com; dawn.goldstein@nlrb.gov; scott@pepperwilson.com

**Cc:** wjy@nrtw.org; David Rosenfeld; Eric Borgerson; Vin Harrington
**Subject:** SEIU Local 790 v. Norelli, et. al.

Courtesy copy of letter previously sent to W. James Young.

 <<Here_are2.pdf>>

6/11/2007