VINCENT A. HARRINGTON, JR., Bar No. 071119
DAVID A. ROSENFELD, Bar No. 058163
ERIC M. BORGERSON, Bar No. 177943
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiff
Service Employees International Union, Local 790

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. NORELLI, Individually, and in his capacity as Regional Director, NATIONAL LABOR RELATIONS BOARD, REGION 20; ROBERT J. BATTISTA, Individually and in his Capacity as Chairman and Member of the NATIONAL LABOR RELATIONS BOARD; PETER N. KIRSANOW, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; DENNIS P. WALSH, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD; WILMA B. LIEBMAN, Individually, and in her Capacity as a Member of the NATIONAL LABOR RELATIONS BOARD; PETER CARY CHAUMBER, Individually, and in his Capacity as a Member, NATIONAL LABOR RELATIONS BOARD,<br><br>Defendants. | No. C 07-02766 PJH<br><br>**TEMPORARY RESTRAINING ORDER PENDING SCHEDULED HEARING ON MOTION FOR PRELIMINARY INJUNCTION, SET FOR JUNE 27, 2007**<br>[~~PROPOSED~~] |

This matter came before the Court by *ex parte* Motion for Temporary Restraining Order Pending Scheduled Hearing on Motion for Preliminary Injunction Set For June 27, 2007, filed by Plaintiff Service Employees International Union, Local 790 ("Local 790" or "Plaintiff"). After

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Temporary Restraining Order

reviewing the Plaintiff's Verified Complaint for Declaratory and Injunctive Relief; Request for Order to Show Cause Why Preliminary Injunction Should Not Issue; Motion for Preliminary Injunction; Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction; Declaration of David Rosenfeld In Support of Order to Show Cause Why Preliminary Injunction Should Not Issue; Declaration of Jamie Thompson in Support of Motion for Preliminary Injunction Pending Scheduled Hearing on Motion for Preliminary Injunction Set For June 27, 2007; responsive papers filed by the National Labor Relations Board ("NLRB"); Plaintiff's Motion for Temporary Restraining Order Pending Scheduled Hearing on Motion for Preliminary Injunction Set For June 27, 2007; Declaration of David Rosenfeld in Support of Temporary Restraining Order, and Memorandum of Points and Authorities in Support of Temporary Restraining Order Pending Scheduled Hearing on Motion for Preliminary Injunction Set For June 27, 2007, the Court makes the following FINDINGS:

1. This case involves a challenge by Local 790 to a Decision and Order of the NLRB, dated March 30, 2007, published as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67, ordering a secret-ballot election based on a petition to de-authorize a Union security clause ("de-authorization petition") contained within a Collective Bargaining Agreement ("CBA") between Local 790 and Covenant Aviation Security, LLC ("Covenant"), covering a bargaining unit composed of airport security personnel employed by Covenant and working at the San Francisco International Airport.

2. The grounds for the challenge are that the NLRB acted in excess of its statutory jurisdiction by violating a clear statutory prohibition set forth in Section 9(e)(1) of the National Labor Relations Act, 29 U.S.C. §159(e)(1), which prohibits such an election unless it is supported by a petition signed by at least 30 percent of the members of a bargaining unit at a time when they are covered by a collective bargaining agreement containing a union security clause.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1337(a), because Plaintiff has filed a Complaint in equity, challenging an action of the NLRB under the National Labor Relations Act, 29 U.S.C. § 141, *et seq.* ("NLRA"), an Act of Congress affecting commerce among and between the several states, on grounds that the NLRB exceeded its statutory

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  jurisdiction by violating a clear statutory prohibition set forth at NLRA § 9(e)(1), 29 U.S.C. §
2  159(e)(1).  (See *National Association of Agriculture Employees v. Federal Labor Relations*
3  *Authority*, 473 F.3d 983, 988, fn 5 (9th Cir. 2007); *Bays v. Miller*, 524 F.2d 631 (9th Cir. 1975);
4  *Leedom v. Kyne*, 358 U.S. 184 (1958).)

5      4.  Venue is properly in this Court because the de-authorization petition at issue herein,
6  bearing Case No. 20-UD-445, was filed with the NLRB, Region 20 office in San Francisco; the
7  contract containing the Union Security Clause which is the subject matter of the pending de-
8  authorization petition was entered into, and intended to be performed, at the San Francisco
9  International Airport, within this judicial district; Local 790 has its primary office in the City and
10  County of San Francisco; and the workforce covered by the Collective Bargaining Agreement
11  containing the Union Security Clause which is the subject matter of the de-authorization petition is
12  employed at the San Francisco International Airport, within this judicial district.

13      5.  Plaintiff provided the attorney representing the Defendants in the above-captioned action
14  with actual and sufficient notice of its Motion for Temporary Restraining Order.

15      6.  After reviewing Plaintiff's Complaint, Motion for Preliminary Injunction and supporting
16  papers, as well as papers submitted in opposition by the NLRB, the Honorable Phyllis J. Hamilton
17  issued an Order to Show Cause Why Preliminary Injunction Should Not Issue on June 1, 2007,
18  setting the matter for hearing in her court at 9:00 a.m. on June 27, 2007.  This was the earliest date
19  Judge Hamilton could hear the matter because she was to be absent from the court until that date.

20      7.  Plaintiff therefore persuaded Judge Hamilton that it had a sufficient likelihood of prevailing
21  on the merits of its claim that the NLRB order mandating an election on the de-authorization
22  petition in this case was issued in excess of the Board's jurisdiction that Defendants should be
23  required to appear in court and show cause why an injunction should not issue.

24      8.  Defendant NLRB Region 20 Regional Director Joseph P. Norelli has issued a notice that
25  the election ordered by the NLRB on the de-authorization petition at issue herein will commence
26  June 22, 2007, five days before Judge Hamilton's return and before the hearing she scheduled for
27  Plaintiff's Motion for Preliminary Injunction.

28      9.  Plaintiff will suffer immediate and irreparable harm if the Court does not issue a Temporary

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -
Temporary Restraining Order

Restraining Order enjoining Defendants from proceeding with the scheduled de-authorization election. Specifically, the following irreparable harm will result:

a. Local 1877[1] will be forced to divert substantial resources and personnel to immediately conduct a campaign against de-authorization in time for the invalid election. Up to ten Local 1877 staff employees will be forced to work full-time for likely upwards of two weeks in order to conduct a campaign relative to the imminent election.

b. The diversion of resources that would be necessitated by the unlawful election in this case would have a profound impact on the operations of Local 1877 and employees it represents at the airport. Negotiations are underway between Local 1877 and other employers at the airport regarding two Collective Bargaining Agreements, one of which is expired. The staff that would be required to conduct a campaign against de-authorization are already fully engaged in collective bargaining with these other employers. The diversion of those employees to the election campaign would have a substantial, irremediable negative impact on hundreds of employees whose terms and conditions of employment are being forged through the pending negotiations.

c. There would be no means by which to recover the tremendous expense, nor to secure compensation for the severe administrative burdens resulting from having to assign a large number of Local 1877 staff to an election campaign. Nor would there be any means by which to recover the losses in representation of Local 1877 members that would result from the diversion of the Union's staff to grapple with the unlawful election at issue herein.

d. Serious disruption will result if this election is allowed to proceed, resulting, *inter alia*, from the unavoidable occurrence of campaigning at employee work places at the airport. There is a small group pursuing the de-authorization initiative, and they will undoubtedly campaign at various areas within the airport. Local 1877 staff will be

---

[1] SEIU Local 790 is the local union that represents the employees affected by this case and which litigated the issues herein before the NLRB. However, Local 1877 is the entity that is servicing the employees at the airport who would be affected by the election in this case.

- 4 -
Temporary Restraining Order

forced to campaign in the airport against de-authorization. It will unavoidably be the case that such campaigning will be disruptive of the workforce and that employees will carry on arguments regarding the election not only in non-work areas, but at their workstations.

    e. Such disruption will be particularly problematic for this workforce because airport security officers are not allowed to talk about anything at their work posts other than their job duties while using security equipment at security checkpoints. If the contentious issues surrounding an unlawful election arise, it will naturally cause employees to discuss those issues at their work stations, which is not permitted, and which could result in widespread disruption and disciplinary action against such employees. It would be unjust and irremediable if employees were placed in such jeopardy and incurred such injuries based on the ordering of an election which was beyond the jurisdiction of the NLRB and prohibited by the NLRA.

    f. The pendency of this potential, unlawful election has caused workers to be uncertain regarding their union-security obligations under the collective bargaining agreement that now governs their employment. Unless this court promptly resolves this issue, these questions will continue to arise. Employees will thus increasingly have questions regarding whether they are required to comply with the union security obligations set forth in the CBA between Local 790 and Covenant. Under the terms of that agreement and the NLRA, if the employees do not comply, they are subject to being discharged.

    g. This is precisely the kind of confusion and jeopardy that Congress intended to avoid by eliminating the union security authorization petition and election procedure, thereby creating a presumptive right to negotiate a union security clause into a CBA, subject to the de-authorization procedure available to employees who are subject to such a procedure and who wish to rescind it.

10. The de-authorization petition has been pending since it was filed on January 11, 2006. The Board failed to act on the disputed election for nearly a year and a half prior to issuance of the decision that is disputed herein. An additional delay of five days until the hearing on the Motion

VEINBERG, ROGER &
ROSENFELD
. Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -
Temporary Restraining Order

for Preliminary Injunction, plus enough time for Judge Hamilton to rule, will impose no appreciable harm on Defendants or anyone else.

11. The equities favor granting of the Temporary Restraining Order herein because substantial immediate and irreparable harm will be avoided and no harm will be caused by issuance of such an order.

WHEREFORE, it is hereby ORDERED that:

Defendants and their officers, agents, servants, employees and attorneys and those in active concert or participation with them are enjoined and restrained, pending ruling on Plaintiff's Motion for Preliminary Injunction, previously set for a Show Cause Hearing on June 27, 2007, at 9:00 a.m. by the Order to Show Cause Why Preliminary Injunction Should Not Issue signed by the Honorable Phyllis Hamilton on June 1, 2007, from: taking any action to conduct a de-authorization election among security employees in the bargaining unit represented by PLAINTIFF SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 790 and employed by Covenant Aviation Security LLC, pursuant to the Decision and Order of the NLRB dated March 20, 2007, in NLRB Case No. 20-UD-445, reported as *Covenant Aviation Security, LCC and Stephen J. Burke, Petitioner and SEIU Local 790*, 349 NLRB No. 67.

This ORDER will remain in effect until Judge Hamilton has issued her ruling on Plaintiff's Motion for Preliminary Injunction or until this Order is otherwise modified or vacated by Judge Hamilton.

It is SO ORDERED, this 15th day of June, 2007.

By: