ERIC G. MOSKOWITZ
NANCY E. KESSLER PLATT
DAWN L. GOLDSTEIN
National Labor Relations Board
1099 14th Street, NW, Suite 8600
Washington, DC  20570
Telephone:  202 273-2930
Facsimile:  202 273-1799
Email:  Eric.Moskowitz@nlrb.gov
Email:  Nancy.Platt@nlrb.gov
Email:  Dawn.Goldstein@nlrb.gov

OLIVIA GARCIA
KATHLEEN C. SCHNEIDER, Bar No. 174058
DAVID B. REEVES, Bar No. 58101
NLRB, Region 20
901 Market Street, Suite 400
San Francisco, CA  94103-1735
Telephone:  415 356-5130
Facsimile:  415 356-5156
Email:  Olivia.Garcia@nlrb.gov
Email:  Kathleen.Schneider@nlrb.gov
Email:  David.Reeves@nlrb.gov

Counsel for Defendants Norelli, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, Local 790, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH NORELLI, Regional Director of National Labor Relations Board, Region 20, et al., <br><br> Defendants. | NATIONAL LABOR RELATIONS BOARD'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS <br><br> No. 07-cv-02766-PJH <br><br> Date:  June 27, 2007 <br><br> Time: 9:00 a.m. <br><br> Judge:  Hon. Phyllis J. Hamilton <br><br> Courtroom: #3, 17th Floor |

1

NLRB'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
– NO. 07-cv-02766-PJH

**INTRODUCTION**

Defendants Joseph Norelli, Regional Director for Region 20 of the National Labor Relations Board and the individual Members of the National Labor Relations Board (collectively, "the Board") respectfully submit this Reply to the Opposition of Plaintiff Service Employees International Union, Local 790 ("the Union") (Docket No. 37) to the Board's Motion to Dismiss (Docket No. 22). As demonstrated in that Motion, and for the further reasons stated below, this Court lacks subject matter jurisdiction to review or enjoin the Board's exercise of its discretion pursuant to Section 9(e)(1) of the National Labor Relations Act ("NLRA" or "the Act"), 29 U.S.C. § 159(e)(1) (1998), to conduct an election for employees to consider deauthorizing a union-security agreement.

1. The Union's Opposition to the Motion to Dismiss acknowledges that the filing of the new deauthorization election petition with the Board in April 2007 (see Ex. 2 to Docket No. 14), long after the Union and employer executed the current collective-bargaining agreement, "could satisfy the [statutory] requirement that the petition be filed only when such an agreement is in effect." (Docket No. 37 at 12). Thus, both sides to this case essentially agree that the operative election petition here was filed after the collective-bargaining agreement containing a union-security provision became effective, as provided in Section 9(e)(1). For this reason, the Union plainly erred in asserting that the Board is permitting the petitioner in the administrative case to "prospectively hamstring" the union's right to negotiate a union-security clause (Docket No. 37 at 16-17). Accordingly, the sole issue in this case -- underlying the question of the Court's jurisdiction -- is whether the Board's March 30, 2007 decision permitting the showing of employee interest to be gathered before the collective-bargaining agreement became effective violated a clear and mandatory provision of the NLRA.

2. There is little to be gained from serious consideration of the Union's argument as to whether this Section 9(e)(1) proceeding is a representation matter (Docket No. 37 at 10-12). Of course, the Section 9(e) secret ballot election provision is found in Section 9 of the Act, which is denominated "Representatives and elections." 29 U.S.C. § 159. More to the point, the Board's discussion and citation of cases in its Motion to Dismiss (Docket No. 22 at 7-8) demonstrates that there is no district court review of Section 9 proceedings, including Section 9(e) proceedings, provided in the NLRA. See, e.g., Local Union No. 714, Int'l Bhd. of Teamsters v. Madden, 343 F.2d 497, 499 (7th Cir. 1965)(citing Leedom v. Kyne). The parties here are in agreement that this Court has jurisdiction to review the Board's decision only if there is an exception to that rule based upon a showing that the Board violated a clear and mandatory provision of the NLRA.[*] For all the reasons stated in the Board's Motion to Dismiss, no such showing can be made.

3. The Union's new emphasis on the contract ratification vote (Docket No. 37 at 12 n.3) is also unavailing. It simply does not follow that because a majority voted to ratify the entire collective bargaining agreement, there can be no valid thirty percent showing of interest among those who did not vote to ratify the agreement and/or who voted to ratify but also wish to deauthorize the union-security provision in the agreement. Indeed, the ratification vote does not mean that a majority will not (or should not be permitted to) vote to deauthorize the union-security clause. See Madden, 343 F.2d at 500.

4. Contrary to the Union's argument (Docket No. 37 at 13-17), neither the plain language of the statute nor its legislative history clearly and mandatorily bar employees from gathering the

---

[*] The Board's dispute over the Court's jurisdiction is not based upon a second prong of Leedom v. Kyne, 358 U.S. 184, 190 (1958), requiring a showing that there be no alternative avenue of review.

showing of interest prior to the effective date of a collective-bargaining agreement. Although the Union describes Section 9(e)(1) as disallowing an election "except upon the production of a petition signed by at least 30 percent of a bargaining unit at a time when the members of the unit are covered by a collective-bargaining agreement containing a union-security clause," (Docket No. 37 at 2), <u>the statute is simply not that clear</u>. Section 9(e)(1) is worded much more imprecisely, requiring the Board here to construe the statute and its underlying policies in order to determine whether the showing of interest in this case was valid. Moreover, as explained in the Board's Motion to Dismiss, there is simply no legislative history indicating that Congress ever considered this particular issue of the timing of the employee showing of interest. Thus, the Board reasonably found that Section 9(e)(1) is unclear as to this point, the legislative history is inconclusive, and the underlying policies fostering employee choice warrant finding valid the showing of employee support. Accordingly, there can be no district court review of the exercise of the Board's discretion.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in the Board's Motion to Dismiss, the Board respectfully requests that the Complaint be dismissed, with prejudice.

Dated: June 20, 2007                                             Respectfully submitted,

                                                 ERIC G. MOSKOWITZ
                                                 Assistant General Counsel
                                                 National Labor Relations Board
                                                 Special Litigation Branch
                                                 1099 14th Street, NW
                                                 Washington, DC 20570
                                                 Tel: (202) 273-2930
                                                 Fax: (202) 273-1799

                                                          -and-

        s/Nancy E. Kessler Platt
NANCY E. KESSLER PLATT
Supervisory Attorney

DAWN L. GOLDSTEIN
Senior Attorney
Tel: (202) 273-2936

OLIVIA GARCIA
Regional Attorney
National Labor Relations Board – Region 20
901 Market Street, Suite 400
San Francisco, CA  94103
Tel:  (415) 356-5151
Fax:  (415) 356-5156

KATHLEEN C. SCHNEIDER, No. 174058
Attorney – Region 20
Tel: (415) 356-5157

DAVID B. REEVES, No. 58101
Attorney – Region 20
Tel: (415) 356-5146